### E. A. MEXIA AND WIFE v. JOE LEWIS AND WIFE.

#### No. 8.

**1. Suit to Recover Homestead.**

Action in trespass to try title against the husband alone to recover their homestead. Pending suit the defendants abandoned the property. *Held*, that such abandonment should be set up by the plaintiff; otherwise, proof of the abandonment could not be made, and the judgment would be void as to the wife ...................................... 209

**2. Dissent in Court of Civil Appeals—Jurisdiction of Supreme Court.**

In order to authorize the certificate of dissent, the question upon which the judges disagree must be material to the decision of the case. If not material the Supreme Court acquires no jurisdiction of the appeal upon such certificate. See example ................................. 210

CERTIFICATE OF DISAGREEMENT from Court of Civil Appeals for First District.

*Thomas B. Greenwood*, for appellants.

*Gregg & Reeves*, for appellees.

GAINES, ASSOCIATE JUSTICE.—This case comes to us upon a certificate of dissent. The suit was brought by appellants, for the recovery of a tract of land claimed by the appellees. The plaintiffs, among other things, pleaded a judgment in their favor in a former suit against defendant Joe Lewis, to which his wife was not a party. The defendants pleaded in reply that at the time that suit was instituted the land was their homestead, and that it had continued to be such until the time of filing their plea.

Upon the trial of the case, evidence was introduced tending to show that the land had been abandoned as a homestead by the defendants, and the plaintiffs requested a charge to the effect, that if the defendants had so abandoned the land the plaintiffs were entitled to recover by reason of their former judgment, although the wife of defendant Lewis was not a party to the former suit. This charge was refused, and the action of the court upon it was assigned as error.

In passing upon the question, the majority of the Court of Civil Appeals held, that the charge was properly refused, upon the ground that a judgment against the husband for the recovery of land occupied as a homestead, in a suit to which the wife was not a party, is void, and that the subsequent abandonment of the homestead did not make it operative. The dissenting judge did not concur in this proposition, and gave it as his opinion, that the judgment, although inoperative as long as the land continued the homestead, took effect as soon as the homestead became abandoned. He, however, concurred with the court in holding that there was no error in refusing the requested charge, but based his conclusion upon the ground that the plaintiffs had not pleaded the abandonment. The majority did not rule upon the question of pleading, but intimated in their opinion a doubt as to whether evidence of abandonment was admissible in any event under the pleadings.

Section 32 of the act for the organization of the Courts of Civil Appeals, approved April 13, 1892, reads as follows: "When any one of said Courts of Civil Appeals shall in any cause or proceeding render a judgment in which any one of the judges therein sitting shall dissent to any conclusion of law material to the decision of the case, said judge shall enter the grounds of his dissent of record; and said Court of Civil Appeals shall on motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court." Gen. Laws 1892, p. 31.

In order to authorize the certificate of dissent, the question upon which the judges disagree must be material to the decision of the case. If not material, this court acquires no jurisdiction of the appeal upon such certificate.

The conclusions of fact filed by the Court of Civil Appeals show that

the abandonment which was claimed by the plaintiffs did not occur until after the suit was instituted and until after the last pleading in the case had been filed.

It is laid down in this court as a general rule, that the plaintiff in an action of trespass to try title must recover upon his title as it existed at the time of the institution of the suit; and that in order to avail himself of an after-acquired title, he must amend so as to avail himself of it as a new cause of action. Collins v. Ballow, 72 Texas, 330, and cases there cited.

An exception has been recognized in a case in which the plaintiff when he brings his suit has the superior title as against the defendant, and subsequently buys an outstanding title for the protection of that which he formerly held. Martin v. Parker, 26 Texas, 254. This case does not fall within that exception. Nor, in our opinion, does it come within any other exception which has been recognized in this court.

The plaintiffs not having amended after the alleged abandonment, could in no view of the question upon which the judges of the Court of Civil Appeals differed in opinion have availed themselves of that abandonment upon the trial of the case. We are of opinion therefore that the question was not material to a decision of the case.

It follows that we have no jurisdiction of the case, and it is therefore dismissed.

Delivered April 27, 1893.

This did not reach the Reporter in its order.