CARRIE VAN FRANK *et al.*

*v.*

UNITED STATES MASONIC BENEVOLENT ASSOCIATION.

*Filed at Springfield November 1, 1895.*

1. INSURANCE—*mutual benefit society—how death of member is proved.* The death of a member of ·a mutual benefit society is sufficiently proved, to authorize a call for an assessment, by the record of the board of directors.

2. SAME—*what will amount to the levy of an assessment.* Under an article of a mutual benefit society providing for the assessment of members upon a scale according to age, an assessment is sufficiently levied by an instruction to the secretary, on motion, by the directors, to levy it.

3. SAME—*mailing notice of assessment earlier than its date.* An assessment upon a member of a mutual benefit society is not invalidated by the fact that the notice of assessment was mailed to him before it bore date, where, by an article of the society, that was authorized.

4. EVIDENCE—*when declarations of the insured may be shown.* In a suit upon a certificate of membership in a mutual benefit society, under which the insured had power to change the beneficiary at pleasure and to pay assessments or drop the membership, as he chose, his declaration that he would no longer pay assessments may be shown in connection with the fact that he failed to pay.

*Van Frank* v. *United States Mas. Ben. Ass.* 56 Ill. App. 203, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

The appellee, a mutual benefit association organized under the laws of the State of Iowa, with its principal office at Council Bluffs, Iowa, on the 27th day of October, 1890, issued two certificates of membership on the application of G. H. Van Frank, which were payable, in case of his death during the continuance of the contract evidenced by each certificate, to Carrie C. Van Frank and children, and in case of death of any of the beneficiaries, to the survivors or the legal representatives of G. H.

Van Frank. The association was organized to furnish its members life insurance by means of collection of assessments levied to raise money to pay death losses. By its articles of incorporation, which are its charter, its manner of insuring and paying death benefits is as follows: Applications for membership are received only from Free Masons. These applications are sent to the home office, and if approved, one or two certificates of membership, providing for the payment of seventy-five per cent of an assessment on the members of that division,—not, however, exceeding $2500 to each certificate,—are issued to the applicant. When a member of either division dies who is in good standing and who has paid all previous assessments, the board of directors make an assessment on the members of the division to which the deceased member belonged, and the secretary transmits a notice to each member subject to such assessment, advising him of the amount of the assessment and the time within which the same shall be paid. This notice of the assessment is deemed to be given when deposited in the post-office, addressed to the member at his last known post-office address. The members have thirty days within which to pay the assessment,—that is, thirty days from the date of the notice of the assessment sent to them by the secretary. If the member does not pay his assessment within such period of thirty days, then his certificate "shall cease and be of no effect." At the end of ninety days after the proofs of death have been received for which these assessments were levied, computation is made by the officers of the association of the amount collected by means of such assessment. Assessments were made to be due and owing six times a year, on the first days of January, March, May, July, September and November. G. H. Van Frank paid his assessments until the one levied for September 1, 1891. That assessment was made by the directors of the association on August 11, 1891, to be dated September 1, 1891, on account of the

death of the holders of eight certificates. The amount to be paid by VanFrank on that assessment was $8.80, and a notice dated September 1 was written and mailed August 29, directed to him at his post-office address, Quincy, Ill., postage prepaid. About the same time a sheet showing the name of each member residing in Quincy and the amount of his assessment was forwarded to G. F. Jasper, teller of the First National Bank, that payment might there be made, and Jasper notified Van-Frank of the receipt of the sheet and the assessment. Neither that nor any subsequent assessments were paid· by VanFrank. The latter told Jasper the assessments were getting too heavy for him, and he had concluded to drop it. On April 16, 1892, the assured was accidentally drowned, and suit was brought on the two certificates of membership, and on trial a verdict and judgment were entered for the defendant. That judgment was affirmed on appeal to the Appellate Court for the Third District, and this appeal is prosecuted.

J. C. Broady, and J. F. Carrott, for appellants:

The court erred in permitting the witness Jasper, called by defendant, to testify to a certain conversation which he had with the assured, G. H. Van Frank. Bacon on Benefit Societies, sec. 460; 2 May on Insurance, (3d ed.) sec. 579 a; Greenleaf on Evidence, sec. 171; Lazensky v. Knights of Honor, 31 Fed. Rep. 592; Niblack on Benefit Societies, sec. 377; Knights of Honor v. Schmidt, 98 Ind. 379.

The court erred in admitting in evidence, over the plaintiffs' objections, page 8 of the record of the proceedings of the board of directors of the defendant association. Insurance Co. v. Fitzpatrick, 2 Gray, 279; Insurance Co. v. Guse, 49 Mo. 329; May on Insurance, sec. 557; Society v. Weatherby, 75 Ala. 248; Thomas v. Whallen, 31 Barb. 179; Insurance Co. v. Schmidt, 19 Iowa, 503.

The notice of the assessment claimed to have been given in this case was premature. Notice of an assess-

ment cannot be given before an assessment is made or levied. Niblack on Benefit Societies, sec. 285; 2 May on Insurance, (3d ed.) sec. 562; *Insurance Co.* v. *Guse*, 49 Mo. 329; *Baker* v. *Benefit Ass.* 63 Mich. 338.

In an action on a mutual benefit insurance certificate, where forfeiture on the ground of non-payment of an assessment is relied on as a defense, and non-payment of such assessment has been proven, the burden is still on the defendant company to show that the assessment was regularly and properly levied according to its laws. *Demings* v. *Knights of Pythias*, 14 N. Y. 834.

CLARK VARNUM, for appellee:

All the contracts of a mutual insurance association or company are made with reference to all the laws of the organization, and such laws, whether contained in the charter or by-laws, are deemed a part of each contract of membership, and are binding on all members. *Knights of Pythias* v. *Knight*, 117 Ind. 489; *Bogards* v. *Insurance Co.* 79 Mich. 440; *Insurance Co.* v. *Barstow*, 8 R. I. 343; *Commonwealth* v. *Insurance Co.* 112 Mass. 142; *Insurance Co.* v. *Gachenbach*, 115 Pa. St. 492; *Shaw* v. *Benefit Ass.* 7 N.Y. Sup. 287; *Sands* v. *Shoemaker*, 4 Abb. App. 149; *Insurance Co.* v. *Comfort*, 50 Miss. 62; *Bersch* v. *Insurance Co.* 28 Ind. 64.

The mutual rights of members of mutual benefit associations, whether voluntary or corporate, depend upon the constitution and by-laws, which have the effect of a contract, whose provisions are binding upon all. *Bauer* v. *Knights of Honor*, 102 Ind. 262; *Penfield* v. *Skinner*, 11 Vt. 296; *Madeira* v. *Exchange Society*, 16 Fed. Rep. 749; *Karcher* v. *Knights of Honor*, 137 Mass. 368; *Treadway* v. *Hamilton*, 29 Conn. 68; *Walsh* v. *Insurance Co.* 30 Iowa, 145; *Mitchell* v. *Insurance Co.* 51 Pa. St. 402; *Brewer* v. *Insurance Co.* 14 Gray, 203.

Members of mutual benefit companies are conclusively presumed to know what the laws of the organization are, and must act accordingly. *Pfister* v. *Gerwig*, 122 Ind. 567;

*Coleman* v. *Knights of Honor*, 18 Mo. App. 189; *Coles* v. *Insurance Co.* 18 Iowa, 425; *Fugure* v. *Society of St. Joseph*, 46 Vt. 368; *People* v. *St. George Society*, 28 Mich. 261; *Sperry's Appeal*, 116 Pa. St. 391; *Osceola Tribe* v. *Schmidt*, 57 Md. 98; *Insurance Co.* v. *Van Winkle*, 12 N. J. Eq. 335; *Hood* v. *Hartshorn*, 100 Mass. 117; *Roe* v. *Williams*, 97 id. 163; *Davenport* v. *Insurance Co.* 10 Daly, 535; *Canal Co.* v. *Coal Co.* 50 N. Y. 250; *Lafond* v. *Deems*, 81 id. 507; *Hudson* v. *McCartney*, 33 Wis. 331; *Herrick* v. *Belnap*, 27 Vt. 673; *United States* v. *Robeson*, 9 Pet. 319; *Trott* v. *Insurance Co.* 1 Cliff. 439; *Vince* v. *Bignold*, 20 Q. B. Div. 172.

The record of the proceedings of the defendant association is competent evidence. *Owings* v. *Speed*, 5 Wheat. 420; *Bagley* v. *A. O. U. W.* 131 Ill. 498.

It is not necessary for defendant, in order to justify the making of an assessment, to prove that members had died, or that they were in good standing, or that the necessity for an assessment existed. The record of the association is *prima facie* evidence of these facts. *Bagley* v. *A. O. U. W.* 131 Ill. 498.

The evidence of the conversation between Jasper and the member, G. H. Van Frank, was competent, because Van Frank, under article 23 of the articles of incorporation of the defendant association, was the owner of the certificate, and had the right to change the beneficiary at pleasure, or to pay up his assessments or not, as he chose. *Hansen* v. *Knights of Honor*, 140 Ill. 301.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant contends there was no evidence showing the death of the persons holding the eight certificates,— the assessments for which Van Frank failed to pay,—and hence the association has shown no necessity for making an assessment, and if, in the absence of such necessity, an assessment was made it would be void. The record of the association is *prima facie* evidence in respect to the

rights of its members, and it is not necessary to prove the death of members, or the fact of membership, to authorize a call for assessment, otherwise than by a copy of the record of the board of directors. In *Bagley* v. *A. O. U. W.* 131 Ill. 498, it was said (p. 503): "He being a member of the association, the records made by it were evidence against him. * * * If the theory of plaintiff is correct, and it is required of defendant to establish, in the first instance, otherwise than by its record, and by direct and affirmative testimony, all the conditions precedent to the call of the assessments, then the burden would be imposed upon it of producing the witnesses to prove the death of every member who had died since the incorporation of the order whose beneficiary certificate had been paid, and that every such member was in good standing when he died, and also of showing every dollar paid into the beneficiary fund and paid out of that fund during the same period of time. All this would be necessary in order to show what moneys had been received and what payments had been made, by reason of which the beneficiary fund had fallen below $2000 and a new assessment thereby justified under the laws and regulations of the order."

It is next urged the record fails to show an assessment was in fact made. The evidence shows a meeting was held at the office of the association on August 11, 1891, by the board of directors, when, on motion, the secretary was instructed to levy an assessment September 1, 1891, on account of the death of the holders of eight certificates, and pay their beneficiaries. By article 18 of the association members were assessed according to their ages, upon the death of a member of a division, and the action of the board sufficiently determined the assessment, as the article provided the amount of the assessment, according to age, on each surviving member of that division. That action, in connection with the article, amounted to an assessment by the board of directors.

By the membership certificate it appears the assessments were to be issued bi-monthly, commencing with January 1. Notice of the assessment of August 11 was mailed August 29, the notice bearing date September 1. It is urged, because of this fact appearing in evidence, the assessment is void. The validity of the assessment did not depend on the date of mailing notice nor on the date of the notice. The right to have notice of the assessment existed in the assured, which notice must be given in the manner provided by the articles of association and the certificate of membership. Notice of the bi-monthly assessment is not necessarily mailed as of the first of the month, as article 19 of the association provides: "Immediately after such assessment is made the secretary shall transmit, by mail, to each member subject thereto, a notice," etc. The mailing before the first of September of notice dated as of that day was authorized by the articles of association, and could not prejudice the assured, but was for his benefit and advantage.

Error is assigned in permitting the witness Jasper to testify to a conversation with Van Frank, the assured, to the effect that after he had notified Van Frank of receiving the sheet with names of members and amount of assessment, the latter said the assessment was getting too heavy for him, and he had concluded to drop it. The undertaking on the part of the assured was, that he was to pay his assessments or lose the benefit of membership. He could change the beneficiary at pleasure, as provided by article 23 of the association, and pay assessments or not, as he chose. It was in the power of the assured to deprive the beneficiary of any interest, and his declaration that he no longer intended to pay assessments, when shown in connection with the fact that he failed to pay an assessment within the time required, whereby the policy lapsed, was competent evidence. *Hansen* v. *Supreme Lodge Knights of Honor*, 140 Ill. 301.

Twenty-two instructions were asked for plaintiff and ten were given. To enter into a discussion of all these refused instructions could subserve no useful purpose. We have carefully examined the refused instructions, and hold there was no error in refusing to give the same. Nor was there reversible error in giving instructions for the defendant.

That no recovery could be had by plaintiff was found by the Appellate Court on the facts, and the evidence clearly sustains the judgment of that court.

We find no error in the admission or exclusion of evidence, and the judgment of the Appellate Court for the Third District is affirmed.    *Judgment affirmed.*

Mr. JUSTICE CARTER, having been of counsel in the case on the trial in the circuit court, took no part in the decision of the case in this court.