Gulf, Colorado and Santa Fe Railway Company v. Richard Tullis.

Decided December 21, 1905.

**1.—Threatened Danger—Effort to Avoid—Injury.**

If one, by the negligent act of another, is placed in a situation of danger, and in order to save himself from the danger acts wildly and negligently, he would not thereby be precluded from a recovery for the injuries received in such effort to escape.

**2.—Res Gestae.**

A statement by one of defendant's employes a few minutes after the injury is admissible as part of the res gestae.

**3.—Contributory Negligence—Definition.**

There was no error in defining contributory negligence as "negligence on the part of the party injured which directly and proximately contributed to and caused the injury."

Appeal from the County Court of Montgomery County. Tried below before Hon. J. T. Rucks.

*J. W. Terry* and *A. H. Culwell,* for appellant.—That the testimony of Pollard Washington and Lizzie Taylor, discussed in the opinion, was not competent as part of the res gestae, cited: San Antonio & A. P. Ry. Co. v. Belt, 46 S. W. Rep., 374; Gulf, C. & S. F. Ry. Co. v. York, 12 S. W. Rep., 68.

*Llewellyn & Kayser,* for appellee.—Where there is evidence supporting the issue that plaintiff's wife was, by the negligent acts of the defendant, placed in a position of danger, where she must adopt a perilous alternative, or where, in the terror of an emergency for which she is not responsible, and for which the defendant is responsible, she acts wildly or negligently, and suffers in consequence, such negligent conduct, under the circumstances, is not contributory negligence, and the negligent act of the defendant is the proximate cause of the injury.

International & G. N. Ry. Co. v. Neff, 28 S. W. Rep., 285; Bryant v. International & G. N. Ry. Co., 46 S. W. Rep., 83.

Statements made immediately after a transaction concerning the transaction are parts of the res gestae. De Walt v. Houston, E. & W. T. Ry. Co., 55 S. W. Rep., 534; Bryant v. International & G. N. Ry. Co., 46 S. W. Rep., 83.

That the charge upon contributory negligence was correct: Citizens' Ry. Co. v. Creasey, 27 S. W. Rep., 945; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 183.

REESE, ASSOCIATE JUSTICE.—Appellee filed this suit in the County Court of Montgomery County for injuries alleged to have been sustained by his wife while at the depot in Conroe, on or about September 24, 1904, it being charged that, while she was occupying the usual and proper place at the depot, the agents and servants of the appellant, in charge of one of its engines, negligently and willfully caused and permitted hot water, mud and steam to be projected and thrown from said engine upon his said wife, burning and scalding her, and that in seeking a place of safety his said wife ran against, or fell against, a post, whereby her back and hip was sprained and mashed.

Defendant answered by general demurrer, general denial, and specially, that the wife of plaintiff was guilty of negligence which contributed to her injuries, in this: That she remained in a position where the water and steam which was being discharged from the engine could reach her, and to avoid which she could have easily stepped aside and prevented; further, that, without looking out for obstructions, and when there was no occasion for haste in changing her position, she precipitately ran from her position against the post, which was negligence.

Upon trial before a jury there was judgment for plaintiff for $350, from which defendant appeals.

In the first and second assignments of error appellant complains that the verdict and judgment are against the manifest weight and preponderance of the evidence, and is excessive in amount.

Neither of these assignments can be sustained. The evidence was sufficient to show that appellee's wife was injured by the act of appellant's agents and servants, and that such act constituted negligence on the part of the company.

The amount of the judgment is not so large as to suggest the conclusion that the jury was unduly influenced by prejudice against appellant, or any other improper motive.

The petition alleges that, in seeking to avoid the dangers and suffering caused by the hot water being thrown on her, appellee's wife ran, or fell, against a post, whereby her back and hip were sprained, bruised and mashed, and she testified, in support of these allegations, that when the steam and water came from the engine it covered her and the other two women with her; that her arms and back were burned with hot water, and that she was scared by the engine blowing off, and was blown, or fell in running from it, with the result that her hip was bruised. Another witness testified that appellee's wife was burned by the hot water and steam, and ran around the depot towards the steps and struck a post.

Appellant requested the court to instruct the jury not to consider any injuries plaintiff's wife might have received from running against a post or other obstruction, which the court refused, but, at the request of appellee, instructed the jury, in substance, that if plaintiff's wife was, by the negligent act of appellant, placed in a situation of danger, and in order to save herself from the danger acted wildly and negligently, such act on her part would not prevent a recovery by plaintiff. There was no error in refusing the charge requested by appellant, nor in giving that asked by appellee. (International & G. N. Ry. Co. v. Neff, 87 Texas, 208; Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 26.)

Upon the trial Pollard Washington, a witness for appellee, testified: "About two minutes after I heard the blow off of steam Lizzie Taylor came around to me (in the baggage room at the depot) and said some woman was scalded. I then went around where the engine and the women were, and the injector, or some other pipe, was still emitting steam and water, and a man in the engine said to another after I got there, and in my hearing, 'Those women out there claim to be scalded.'" This evidence as to the statement of the man on the engine was objected to as immaterial and no part of the *res gestae,* and not binding on appellant. The objection was overruled and the testimony admitted. There was no error in this ruling. The statement was so near in point of time to the transaction to which it referred as to make it part of the *res gestae.*

If otherwise, the admission of the evidence would have been harmless. There can be no question that the women, or, at least, appellee's wife, claimed to be scalded. This witness had just been permitted to testify, without objection, that Lizzie Taylor told him some of the women were scalded. Moffit Miller, witness for appellant, testified at the instance of appellant that, in the afternoon, he was engaged about his duties, when he learned that some negro women claimed to have been scalded. The statement imputed to the man on the engine added nothing to the force of this testimony, and if there was any error in admitting the testimony it was harmless.

Lizzie Taylor was permitted, over the objection of appellant, to testify: "After we were scalded one of the men on the engine said, in my hearing, that they (the trainmen) scalded us; if we had been white ladies they would not have done it, and the man on the engine replied: 'I don't give a damn.'" These men on the engine must have been the parties who committed the act, if, in fact, any such act as testified by appellee's witnesses was committed. The testimony showed that these women came to the station to take the train about fifteen minutes before it arrived, and that the occurrence took place a few minutes before train time. The testimony all leads to the conclusion that the statement about which the witness testified must have been made within a very few minutes after the occurrence, and sufficiently near in point of time to make it part of the *res gestae.* (San Antonio & A. P. Ry. Co. v. Gray, 95 Texas, 428; Houston, E. & W. T. Ry. Co. v. De Walt, 55 S. W. Rep., 534.)

The statements imputed to one of the men on the engine as to their not being white women, and "I don't give a damn," were not admissible, and, if they had been specially objected to, doubtless they would have

been excluded, but the objection was to the whole statement, part of which was admissible, and the objection thus made was properly overruled. The objection was that the testimony did not appear to be a part of the *res gestae,* or that the language was spoken at a time immediately connected with the occurrence, and was not binding on the defendant.

The testimony of Jim Pitts, T. F. Brantley and T. M. Collins as to the action of the blow-off pipe and injector of a locomotive engine, in throwing hot water and steam, was properly admitted. The objection to this testimony is placed upon the ground that they were not qualified as experts to give such testimony. All of these witnesses testified that they had had experience in running a stationary engine, and knew a great deal about such an engine, but had never had any experience with a locomotive engine. They, however, testified that the blow-off cock and injector of a stationary engine are used for the same purpose, and work on the same principle as in a locomotive engine, and this was not contradicted. Appellant's witness J. D. Lake testified that the blow-off cock and injector on a locomotive engine are used for the same purpose, and operated in the same manner as do those on stationary boilers. The objections to the testimony were properly overruled.

The objection to the interrogatory to the witness Brantley: "Can a blow-off pipe burn or scald a person standing four feet from the door of the sitting room for colored people, at the depot in Conroe, the locomotive being on the Santa Fe track, immediately opposite said door, at a distance of fifteen or eighteen feet," as leading, can not be sustained. The question seems to state several propositions, but, boiled down and analyzed, the question is simply, "Can a blow-off pipe burn or scald a person fifteen or eighteen feet away?" The question did not suggest to the witness the answer desired. It would be impossible to glean from the question itself any idea as to whether "yes" or "no" was desired as an answer. In fact, if it had been the intention to convey to the witness the idea that an affirmative answer was desired, a different form would have been given to the interrogatory. (Dalwigh v. International & G. N. Ry. Co., 92 Texas, 655; Missouri, K. & T. Ry. Co. v. Baker, 81 S. W. Rep., 67.)

It is difficult to see how the conclusion can be escaped, from the evidence, that the appellee's wife was, in fact, scalded or burned in some degree by the water or steam thrown out from the engine. (Pacific Ex. Co. v. Dunn, 81 Texas, 86.)

There was no error in the charge of the court in defining contributory negligence as "negligence on the part of the party injured which directly and proximately contributed to and caused the injury." (Citizens' Ry. Co. v. Creasy, 27 S. W. Rep., 945.)

There was no question of any duty from appellant to appellee's wife as a passenger. She was properly at the joint depot of the appellant and the International & G. N. Railway for the purpose of taking passage on a train of the latter. The objection to the charge with reference to this fact is not tenable.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*