ELIAS DALE v. COLFAX CONSOLIDATED COAL COMPANY, Ap-
pellant.

**Negligence:** PERSONAL INJURY: INSTRUCTION. Where the only is-
sue submitted to the jury, in an action for injuries to a brake-
man, was that of failure to stop the train after plaintiff had
descended from the car and his peril was discovered, a failure
to instruct with respect to contributory negligence in alighting
from the car and as to assumption of risk was not erroneous,
especially as the court instructed generally on the subject of
contributory negligence.

**Same:** EVIDENCE: RES GESTÆ. In an action for injury by a moving train, on the ground of negligence in failing to stop the same after discovery of plaintiff's peril, plaintiff may show what was said by other persons in the car in the presence of those in charge of· the train at the time of the accident, as part of the *res gestæ* and as bearing on the knowledge of the train men of his dangerous situation.

**Instruction:** PREPONDERANCE OF EVIDENCE. The statement in an instruction relating to the preponderance of evidence that " if everything else is equal the testimony of the greater number of witnesses will outweigh the testimony of the smaller number " ought not to be made, but as limited and qualified in the instant instruction it is held not to have been misleading.

**Challenge of jurors:** DISCRETION. The trial court's discretion in overruling a challenge to a juror will not be interfered with except upon a showing of its abuse. In the instant case the court's ruling as to the competency of the juror is sustained.

**Appeal:** INDEPENDENT ABSTRACT BY APPELLEE. Where the appellee by amendment has made such additions to the appellant's abstract as he thought necessary, an independent abstract subsequently filed by the appellee, to which slight reference is made in argument and which is not a material aid to the court, will be stricken from the files.

**Appeal:** ASSIGNMENT OF ERRORS. Where the appellant's assignment of errors is sufficiently definite to point out the precise errors relied upon, the technical rules with respect thereto which were followed prior to the enactment of the 30th General Assembly will not be considered.

*Appeal from Jasper District Court.*— HON. BYRON W. PRESTON, Judge.

TUESDAY, JUNE 12, 1906.

ACTION to recover damages for personal injuries suffered by the plaintiff, while in defendant's employ as a brakeman on a coal train, in being run over by the wheels of one of the cars. There was a verdict for plaintiff and judgment thereon, from which judgment the defendant appeals.— *Affirmed.*

*Ryan, Ryan & Ryan,* for appellant.

*L. Kinkead,* for appellee.

McCLAIN, C. J.— The train operated by defendant, on which plaintiff was employed as brakeman at the time he received the injuries, consisted of five cars; the two cars next to the engine being box cars, and the others coal cars. The train was being used at the time for transporting employés to the mine of the defendant company, and on the car farthest from the engine there were ten or fifteen men not having any connection with the operation of the train. At the immediate time of the accident which resulted in plaintiff's injury the train was being backed slowly eastward at the rate of from two to four miles an hour for the purpose of making a coupling with another coal car standing on a sidetrack. Plaintiff was riding on the car farthest from the engine, and in the discharge of his duties it was necessary for him to dismount from the car on which he was riding and proceed to the standing car as the train approached it, for the purpose of adjusting the knuckle of the automatic coupler, in order to make the coupling. He proceeded to dismount by stepping on the drawbar of the car on which he was riding, intending to jump from that position to the track, and run in front of the slowly moving train to the standing car, but he fell to the track, and was run over by the car on which he had been riding. Various forms of negligence were alleged in plaintiff's petition, but the court excluded from the jury the consideration of all the grounds of negligence set up by the plaintiff, except the one as to the alleged negligence of the defendant's employés, in failing to stop the train after they knew that the plaintiff was in a dangerous situation, by reason of having fallen upon the track in front of the moving train.

Complaint is made of the failure of the court to instruct with reference to the contributory negligence of the plaintiff in attempting to get from the car to the track in front of the train, and also, with reference to the assumption of risk;

but in as much as the court limited the inquiry of the jury to what happened after plaintiff fell to the track, we cannot see that there was any occasion to give instructions on these matters. The question presented was one involving the doctrine of the last clear chance, and was simply this: Whether after plaintiff had, even by reason of his own negligence been placed in a position of danger, and his danger was known to the employés of defendant in charge of train, these employés used reasonable care in attempting to prevent injury resulting to him in his dangerous position. If the employés under such circumstances did fail to use reasonable care to avoid injury to the plaintiff, then the previous negligence of the plaintiff in bringing about the dangerous situation, would not be the proximate cause of the injury which he received, but he might recover for the consequences of the negligence of the defendant, if, in the exercise of reasonable care, under the circumstances and with knowledge of his danger, such injuries could have been averted.

1. NEGLIGENCE: personal injury: instructions.

It is evident also, that the doctrine as to the assumption of risk has no application to the question submitted to the jury. These suggestions dispose of the arguments of counsel relating to contributory negligence and assumption of risk, for there was evidence from which the jury might find, as they undoubtedly did, that after plaintiff fell to the track, he crawled or was carried more than forty feet before the wheels of the car ran over his feet, inflicting the injury for which he seeks recovery, and that his danger was apparent to the conductor, who was on the rear car, and that by prompt action of the conductor in signaling to the engineer the train might have been stopped before the final catastrophe occurred. We need not go into a detailed discussion of the evidence; it is sufficient to state the conclusions which the jury might properly have drawn from it. The rules of law applicable to such state of facts are too well settled in this state to require an elaborate citation of authorities. But see

*Purcell v. Chicago & N. W. R. Co.,* 109 Iowa, 628; Same case, 117 Iowa, 167; *Morbey v. Chicago & N. W. R. Co.,* 116 Iowa, 85; *Gregory v. Wabash R. Co.,* 126 Iowa, 230, 238; *Kelley v. Chicago, B. & Q. R. Co.,* 118 Iowa, 387; *Barry v. Burlington R. & L. Co.,* 119 Iowa, 62; *Bogan v. Carolina Central R. Co.,* 129 N. C. 154 (39 S. E. 808, 55 L. R. A. 418), and note; 4 Current Law, 776. It should be stated further with reference to contributory negligence on the part of the plaintiff, that the court told the jury, that to warrant a verdict for plaintiff, they must find that at the time the injury was received plaintiff was free from contributory negligence, and this, we think, is all the instruction as to contributory negligence that was called for.

Error is assigned on the ruling of the court that a witness might testify as to what he heard said by persons riding on the train after plaintiff had fallen to the track and was **2. SAME: evidence: res gestæ.** in a position of danger, and on an instruction in which the jurors were told that they might take into consideration the entire situation and surrounding circumstances, including the situation of the conductor, the brakeman and the engineer, and the actions and conduct of other persons on the train, as bearing on the question as to whether the employés of the defendant knew of the dangerous situation of the plaintiff after he fell or jumped to the ground in front of the car. While it is well settled that actual knowledge and not merely the means of knowledge must be shown to charge the employés of the defendant with negligence for which the defendant would be liable in failing to avert a threatened injury to one who, by his own negligence or wrongful act, has put himself into a position of danger; yet the rule is well settled that the surrounding circumstances may be taken into account in determining whether the employés had actual knowledge; that is, the fact of actual knowledge may be established without proving the possession of such knowledge by the testimony of the employés themselves. *Purcell v. Chicago & N. W. R. Co.,* 109 Iowa, 628.

Now, as bearing on the question whether the conductor did have actual knowledge, what was said by persons on. the car in the presence of the conductor, and their acts within the scope of his observation could be shown as tending to establish actual knowledge on his part, and the court committed no error in admitting the evidence as to what was said and done by the persons on the car at the very time plaintiff was in danger, and with reference to such danger, and in instructing the jury that they might take such matters into consideration.    The acts and conduct of these persons constituted a part of the *res gestæ.*    *Smith v. Dawley,* 92 Iowa, 312; *Kuhns v. Wisconsin, I. & N. R. Co.,* 76 Iowa, 67.

In one of the instructions relating to the preponderance of the evidence, the court told the jury that " it is not to be determined alone by the number of witnesses testifying on either side of a given proposition; if everything 3. INSTRUCTION: else is equal, the testimony of the greater num- preponderance of evidence. ber of witnesses will outweigh the testimony of the smaller number; but you should weigh the testimony of the several witnesses under the rule hereinafter given for determining the credibility of the witnesses, and determine on which side is the preponderance or greater weight of the evidence."    What is said as to the testimony of the greater number of witnesses outweighing the testimony of the smaller number, would be objectionable if not qualified, and we are inclined to think that it would be better not to introduce such language in any form into the instructions. But, in the connection in which the language is used, we cannot think that the jury could have been in any way misled.    It is, no doubt, abstractly true, that everything else being equal, preponderance should be given to the testimony of the greater number of witnesses, and the whole instruction taken together is not open to any reasonable objection on the ground that the jury would be likely to ignore the quality of the evidence, and consider only its quantity.

Exception is taken to the action of the court in overruling a challenge for cause to one of the jurors, based on the preliminary examination as to his competency, the objection being, that from such examination it appeared that as between an individual and a corporation he would, in case of doubt, resolve his doubt in favor of the individual. But on further examination the juror testified that he was not conscious of any bias or prejudice against an incorporated company, and that he had no feeling of any kind that would prevent him from giving an incorporated company a fair and impartial trial, and that sitting as a juror he could hear the testimony and the instructions of the court and render a fair, impartial, and just verdict on the evidence. Questions as to the competency of a juror are to be determined by the court in the exercise of a sound discretion, and we see no reason to think that in this case the discretion vested in the court was abused in overruling the challenge. *Sprague v. Atlee,* 81 Iowa, 11; *In re Goldthorp's Estate,* 115 Iowa, 430, 433. .

4. CHALLENGE OF JURORS: discretion.

Appellant's motion to strike appellee's abstract of the evidence from the files is submitted with the case, and we think it should be sustained. We do not usually feel justified in striking out any amendment to the abstract the appellee may reasonably deem necessary for a fair presentation of the record, and perhaps in some cases he may properly present an independent abstract, ignoring entirely the abstract of appellant, in order that we may more conveniently examine the record as appellee insists that it should be presented to us. But in this case additions which the appellee thought necessary had already been made by way of amendment, and they were not so numerous or so fundamental as to justify a reprinting of the entire evidence, largely by way of questions and answers. In appellee's argument little reference is made to his independent abstract, and we could very well have passed upon the points made by referring to appellant's abstract and ap-

5. APPEAL: independent abstract by appellee.

pellee's amendments.   We have not been able to discover that appellant's abstract is unfair, or that it omits any essential parts of the record, although appellee was no doubt justified in presenting more fully, as he has done in his amendments, portions of the testimony of some of the witnesses.   But we think that appellee's independent abstract was wholly unnecessary. ˉ

We are constrained, also, on the reading of appellee's argument, to call attention to the fact, that since the abolition by the Legislature of the statutory requirement of assign-

**6. APPEAL:** ments of error (see Acts 30th General Assem-
**assignment of errors.** bly, chapter 126) there is no occasion to apply the somewhat technical rules which were followed by this court under the statutory requirement of assignments in de-·termining whether errors were sufficiently assigned.   Section 54 of our present rules requires no more than that the appellant shall point out the errors relied upon for a reversal, with such definiteness that the appellee and the court may ascertain without searching through the entire abstract or argument, the precise errors relied upon as requiring a reversal, and where it is apparent that neither appellee nor the court has any difficulty in ascertaining the very points to be decided, we will not give attention to merely technical objections to the sufficiency of the assignments.   Had the counsel for appellee taken this view of the rule, at least one-half of his argument might have been omitted, and he would have been able, within reasonable space, to have much more fully and satisfactorily argued the very questions which the court has been required to pass upon.

Finding no error in the record, the judgment of the trial court is *affirmed.*