[No. 8754.  Department One.  August 1, 1910.]

Roscoe Britton, *by his Guardian Ad Litem, Sadie E. Fisler,. Respondent*, v. Washington Water Power Company, *Appellant*.[1]

Evidence—Res Gestae—Declaration of Party.  Where, after a. fall from a street car, a boy remained unconscious for eight days, his statement, made at once upon becoming conscious, that the conductor of the car kicked him off the steps, is admissible as part of the *res gestae*.

Same.  In such a case the fact that another witness stated that. the boy was semi-conscious on the fifth or sixth day after the accident does not render the evidence inadmissible, but only affects its. weight.

Same—Declarations of Third Persons.  In an action for injuries to a boy alleged to have been kicked off the steps of a street car by the conductor after opening the door, the exclamation of a bystander "the boy is off," made as the conductor started to open the door, is. admissible as part of the *res gestae*.

Same—Discretion of Court.  While a large discretion rests in the trial court as to the admission of declarations as part of the *res gestae*, it is prejudicial error where contradictory declarations forming part of the occurrence are admitted as to one litigant and denied as to another.

Appeal—Preservation of Grounds—Objections.  Where the declaration of a bystander is ruled out as incompetent, and appellant. states that it was part of the *res gestae* and reserves an exception, the point is preserved for review on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 13, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries.  Reversed.

*Post, Avery & Higgins*, for appellant.

*Plummer & Latimer*, for respondent.

Gose, J.—This is a suit to recover damages for personal injuries sustained by a minor.  The fact asserted and relied

[1]Reported in 110 Pac. 20.

upon for a recovery is that Roscoe Britton, a minor thirteen years of age, was stealing a ride on the step of one of the defendant's street cars, and that the conductor opened the door of the vestibule and kicked him off, causing him serious injury. There was a verdict and judgment for the plaintiff. The defendant has appealed.

The admitted facts are, that the appellant, at the time of the happening of the accident, was a common carrier of passengers for hire, and operating electric cars in the city of Spokane; that the car upon which the accident occurred has a vestibule, opening on each side onto steps used by passengers in entering and leaving the car; that the left door is kept closed, and the right one open, when the car is in service, and that the boy was stealing a ride on the step on the closed side of the car at the time he sustained the injury. The appellant asserts that the boy fell from the step, whilst he insists that he was kicked off the car by the conductor. This was the chief issue at the trial. It is conceded that, immediately after the accident happened, the boy was taken to his home in an unconscious condition.

The boy and his mother, who is also his guardian *ad litem*, were permitted to testify, in substance, that the boy remained unconscious for a period of eight days, when he became conscious and at once stated to the mother than the conductor kicked him off the car. The appellant contends that this was error. We think the statement was a part of the *res gestae*. One exception to the rule excluding hearsay evidence is that, when something has occurred, startling enough to produce nervous excitement, spontaneous utterances of parties present are admissible in evidence as a part of the *res gestae*. It is not always necessary that the statement be made at the exact time that the shock occurs. The material inquiry always is, whether the statements offered as evidence were made at a time and under such circumstances as to induce the belief that they were not the result of reflection or premeditation.

They derive their admissibility and credibility purely from the circumstances out of which they arise.

"The utterance must have been before there has been time to contrive and misrepresent, *i. e.*, while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance." 3 Wigmore, Evidence, § 1750.

"There is no imaginary line somewhere between a few hours and a few days, or a few weeks, on one side of which declarations in favor of a party are admissible in evidence, while on the other they are inadmissible. Unless such complaints form a part of the *res gestae* they cannot be admitted. And if they are so far detached from the occurrence as to admit of the deliberate design and be the product of a calculating policy on the part of the actors, then they cannot be regarded as a part of the *res gestae.*" *Kennedy v. Rochester City & B. R. Co.*, 130 N. Y. 654, 29 N. E. 141.

"The time of the occurrence of the principal act is sometimes, by reason of some special circumstance, extended forward so as to make it coincident and connected with subsequent declarations by constructive continuity of time, as, for instance, when the party making the declarations having become unconscious at the very moment of the occurrence of the principal act, the declarations are made by him at the very moment of his regaining consciousness; under such conditions the act and the declarations are said to be simultaneous by relation, the declarations being spontaneous." 24 Am. & Eng. Ency. Law (2d ed.), p. 685.

See, also, *Walters v. Spokane International R. Co.*, 58 Wash. 293, 108 Pac. 593.

In the case last cited we said that it is not always essential that the declarations and principal occurrence shall concur in point of time, but that in many instances the fact that a considerable period of time has intervened does not destroy their admissibility as evidence. We further said that the circumstances of each case "should be carefully weighed by the trial judge in exercising his sound discretion." The controlling consideration in each case is, was the declaration a spontaneous, impulsive statement of a fact. If so, it is a part of the occurrence and is admissible. *Dixon v. Northern*

*Pac. R. Co.*, 37 Wash. 310, 79 Pac. 943, 107 Am. St. 810,
68 L. R. A. 895. Tested by the principles we have stated, it
is clear that the evidence was properly admitted. The decla-
rations were made, as the witnesses assert, as soon as con-
sciousness was restored. There had been no opportunity for
reflection or deliberation. They were as much a part of the
occurrence as if they had been made when the boy was raised
from the street immediately after falling. So far as he was
concerned, there was no conscious intervening time between
the injury and the declaration.

The appellant criticizes the form of the questions, and
urges that the evidence does not show that the statement was
made as soon as the boy regained consciousness. We do not
think a fair reading of the evidence warrants the criticism.
The fact that Dr. Martin testified that the boy was semicon-
scious on the fifth or sixth day after the accident, does not
make the declaration of the boy inadmissible. It goes to the
weight, and not to the admissibility, of the declaration as
evidence. But it is said: "If such evidence is admissible,
then unscrupulous persons can dishonestly flood the record
with evidence that can be neither combatted nor anticipated,
for the sole purpose of mulcting a defendant in damages."
The answer is that no rule of evidence has been formulated
by man that can prevent perjury. Litigants must, in the
last analysis, rely upon the justice and good sense of juries.
The authorities cited by counsel from other jurisdictions
need not be reviewed, as they are not in harmony with the
view hitherto taken by this court.

One of the respondent's witnesses upon direct examination
stated that, when the boy was observed riding upon the step,
the conductor pulled the bell cord and started to open the
door, when some one said, "The boy is off!" This statement
was stricken on motion of the respondent. The boy testified
that, when he got onto the step, the door was closed, and that
the conductor opened the car door and kicked him off. The
appellant insisted at the time the statement was stricken, and

insists here, that it was admissible as a part of the *res gestae*. The learned trial court, however, ruled that it was inadmissible. In this, we think, he committed prejudicial error. If the declaration of the boy is admissible as forming a part of the occurrence, as we have held, it would seem to follow that the exclamation of a bystander, contemporaneous with the occurrence, is also admissible. The exclamations of third parties present are as much a part of the *res gestae* as those of the parties themselves. 3 Wigmore, Evidence, § 1755; *Johnson v. St. Paul & W. Coal Co.*, 126 Wis. 492, 105 N. W. 1048; *Dale v. Colfax Consol. Coal. Co.*, 131 Iowa 67, 107 N. W. 1096; *Harrill v. South Carolina & G. E. R. Co.*, 132 N. C. 655, 44 S. E. 109; *Gulf, C. & S. F. R. Co. v. Tullis*, 41 Tex. Civ. App. 219, 91 S. W. 317; *Seawell v. Carolina Cent. R. Co.*, 133 N. C. 515, 45 S. E. 850; *Atlantic Coast Line R. Co. v. Crosby*, 53 Fla. 400, 43 South. 318; Wharton, Evidence, § 262; 24 Am. & Eng. Ency. Law (2d ed.), 685-6.

*Johnson v. St. Paul & W. Coal Co.* was an action to recover damages for personal injuries. The plaintiff, a hatch tender, alleged that he was struck by a sheave hook used to lower coal buckets into the vessel. A witness, having testified that he saw the boy fall, was permitted to state that a moment later he heard some one say: "The hook hit him!" The court said that the exclamation was clearly a part of the *res gestae*. In *Dale v. Colfax Consol. Coal Co.*, the plaintiff, a brakeman, attempting to alight to make a coupling, fell to the track and was run over by the car on which he had been riding. The negligence charged was that the defendant's employees failed to stop the train after they knew of the plaintiff's peril. It was held, as bearing on the question whether the conductor had actual knowledge of the plaintiff's situation, that the statements of persons on the car in the presence of the conductor, and their acts within the scope of his observation, could be shown as tending to establish his actual knowledge.

In *Harrill v. South Carolina & G. E. R. Co.*, a personal

injury suit, the deceased was killed, while moving an engine over a bridge, by the falling of the bridge. The engine had crossed that part of the bridge over the water and had reached the trestle on the ground, when bystanders exclaimed: "Jake is safe!" The trestle suddenly gave way, and the engine and tender were thrown back and fell into the water. It was held that the exclamations were competent evidence, going to show the dangerous condition of the bridge, the peril of crossing, and the effect the effort to cross had on the bystanders.

In *Walters v. Spokane International R. Co., supra,* we held that there was a large discretion in the trial judge in receiving and rejecting evidence of this nature. A due regard for the administration of justice, however, forbids that declarations forming a part of the occurrence out of which the cause of action springs shall be admitted as to one litigant and denied as to another. The exclamation was so clearly a part of the *res gestae,* and so vitally affected the issue to which it referred, that its rejection was highly prejudicial. The respondent relies upon *Dixon v. Northern Pac. R. Co., supra.* In that case it was said that "there is no showing that the stranger who was not able to be found at the trial was in any way connected with the accident." In the case at bar the evidence shows that there were passengers upon the car who were not produced as witnesses. The exclamation, "The boy is off!" shows that it was made under the pressure of excitement, and that it was the spontaneous, impulsive statement of one who believed that it expressed the truth.

The respondent asserts that the question is not properly before us, for the reason that the statement was not responsive to the question propounded to the witness. The record, however, shows that the appellant's counsel stated to the court that the exclamation was a part of the *res gestae,* and reserved his exception to the ruling. Neither the objection to the statement nor the ruling of the court was placed upon

the technical ground that the answer was not responsive to the question, but upon the broad ground that it was not competent. The appellant was not required to pursue the matter.

The judgment is reversed.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., concur.