## ANNIE MARY TOWNE

*v.*

### CHARLES A. TOWNE *et al.*

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*amount involved is the amount disposed of by the judgment.* The amount involved on appeal is the amount to be disposed of by the judgment or decree, and not the amount affected by the error assigned.

2. EVIDENCE—*admissibility of the insured's declarations on question of mistake in benefit certificate.* In determining whether a deceased member of a benefit society knew of and acquiesced in a mistake made by the clerk of the society in the names of the beneficiaries when making out a new certificate, the conduct of the deceased in retaining the new certificate without objection is competent evidence; but so, also, are his declarations tending to show that he did not know of the mistake.

3. SAME—*competency of insured's declarations does not depend upon presence of beneficiary.* The competency of declarations by a member of a benefit society tending to show that he did not know that a mistake had been made in the certificate does not depend upon the presence of the beneficiary when such declarations were made.

4. BENEFIT SOCIETIES—*right of interested parties to have certificate reformed.* If a member of a benefit society did not read his new certificate and did not know that a mistake had been made therein cutting out the half interest of his heirs and making his wife the sole beneficiary, the right of the heirs to have the certificate reformed after his death is not barred by the mere fact of his retaining possession of the certificate.

*Towne* v. *Towne*, 93 Ill. App. 159, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellant.

MUIR & HORGAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 13, 1884, Allan W. Towne obtained a certificate from the Chicago Guaranty Fund Life Society for the sum of $2000, payable by assessment, at his death, to the appellant, Annie Mary Towne, his wife. On May 12, 1887, said certificate was exchanged by him for another one of the same amount, date and number and with the same beneficiary. The first certificate for which the new one was substituted was surrendered and was marked canceled on said date, May 12, 1887. On April 12, 1892, the second certificate was exchanged for a third one of the same amount, date and number, and said second certificate was canceled and marked "Surrendered for change of beneficiary.—4-12-92." The purpose of this exchange was to make a change in the beneficiary, and for that purpose Allan W. Towne made a written request, dated April 11, 1892, for the new certificate, with beneficiaries as follows: "Payable to Annie Mary Towne, wife, one-half, and one-half to my heirs equally." Afterward the

society re-incorporated, and provided for a change of policies from an assessment to what was called a "natural life policy," and provided for an exchange of old policies for new ones. On August 30, 1898, Allan W. Towne, desiring to make such an exchange, signed an application therefor, setting forth that he was the holder of certificate 932 on the *post mortem* assessment plan and wanted to exchange it for a natural life policy. The application provided, among other things, that the new policy should be for the same amount and with the same beneficiary or beneficiaries as the original certificate. Towne did not deliver his certificate to the society before the new one was made out. A clerk took the papers relating to the risk of Towne, which were in the possession of the society and all pasted together, and filled up the new certificate. He did not notice the letter directing the change in the beneficiary or that such beneficiary had been changed in the original certificate, but followed the first application, and inserted the name of appellant, Annie Mary Towne, as the beneficiary. The clerk mailed the new policy to Towne, with a letter stating that it was enclosed therewith, together with a receipt for the premium, and that he hoped Towne would find the same satisfactory. He added a postscript, as follows: "We enclose stamped addressed envelope and will ask you to return your original certificate for cancellation." Upon the receipt of the new certificate Towne mailed the old one to the society, and it was canceled. He placed the new certificate in a box in a safety deposit vault, where it remained until a short time before his death, when, by his direction, appellant went to the safety deposit vault and got it and retained it until after his death. Towne died April 11, 1899, leaving appellant, his widow, and the appellees, Charles A. Towne, Alvin G. Towne and Katie M. Jones, his children and heirs-at-law. Appellees filed this bill against the society and appellant, praying for a reformation of the certificate so that it might read the same

as the one for which it was exchanged, and be payable one-half to appellant and one-half to appellees, equally. The society paid the money into court and was dismissed from the suit. The court ordered $1000 paid to Annie Mary Towne and $300 to Katie M. Jones, and on final hearing a decree was entered that the remaining $700 be paid to appellees, as follows: "To Charles A. Towne $333.33, to Alvin G. Towne $333.33, and to Katie M. Jones $33.34." The Appellate Court affirmed the decree.

No certificate of importance having been granted by the Appellate Court, appellees have moved to dismiss the appeal on the ground that the amount involved in the suit is less than $1000. By statute the judgment of the Appellate Court is final in all cases determined therein in actions *ex contractu* when the amount involved is less than $1000, exclusive of costs. The construction given to this statute is, that the amount involved is the amount to be disposed of by the judgment or decree of the court, and not the amount affected by the error assigned. In this case, the amount brought into court by the society to be disposed of, and which was disposed of, was $2000. That was the amount involved in the suit in the superior court of Cook county, and this court has jurisdiction of the appeal. (*Longwith* v. *Riggs*, 123 Ill. 258; *Svanoe* v. *Jurgens*, 144 id. 507; *Voigt* v. *Kersten*, 164 id. 314; *MacVeagh & Co.* v. *Roysten & Co.* 172 id. 515.) The motion to dismiss the appeal is denied.

The object of the last exchange of certificate by Towne was to obtain a new policy for a fixed premium, payable yearly or in quarterly installments, on the natural life plan, under the articles of re-incorporation adopted January 4, 1895. It was to be for the same amount and with the same beneficiaries as the original certificate for which it was exchanged. There was no other certificate in existence than the one which Towne then held, payable one-half to appellant and the other half to appellees, equally. That certificate had been substituted for pre-

191—31

vious certificates which had been canceled. The original certificate bore the same date of December 13, 1884, and the same number it had always borne, but had been changed in respect to the beneficiary. The direction that the natural life policy should be for the benefit of the same beneficiaries as the original certificate could only refer to the certificate which was then in force. The society so understood, and sent the new certificate to Towne with the direction to return the original certificate for cancellation. The clerk made a mistake in preparing the certificate, from overlooking the fact that the original certificate had been changed. It is clear that the mistake was made, and the complainants were entitled to have the certificate reformed unless Allan W. Towne knew of the mistake and did not object to the certificate as written.

On that question it is insisted that the evidence showed Towne was aware that the new certificate was made payable to his wife, the defendant, and not payable as the original certificate was. If he had such knowledge and approved of the certificate as issued, a correction could not be made after his death on the ground of mutual mistake. The evidence tending to support this claim is, that Towne was a man of ordinary intelligence and able to read and write; that he received the new certificate September 1, 1898, and deposited it in his box, and retained it until April 11, 1899, without objection. It is also contended that the declarations of Towne during the same period, to other parties, concerning the beneficiaries of the certificate, were incompetent; that the court erred in admitting them, and that they must not be considered. These declarations were testified to as having been made by Towne, and tending to show that he understood the insurance money was to go one-half to his wife and the other half to his children. Of course, such declarations were not competent evidence of the fact that the certificate was made out as he said it was. That

fact was not in question, and if it had been, it could not have been proved by his declarations. The thing in question, however, was the state of his mind and his intention and understanding as to the certificate. The mistake having been made, the court was called upon to decide whether he knew of it or acquiesced in it, and his conduct, demeanor and declarations concerning the certificate were all evidence on that subject. The circumstances proved would tend to raise a presumption that Towne had read the certificate and knew that it was made payable to his wife. If there was such a presumption that he read the certificate and acquiesced in it as written, from the fact of his ability to read and his possession of the certificate, it was equally competent for the complainants to show that he did not, in fact, read it. His behavior in holding the certificate and making no objection, and his declarations as to the contents and nature of it, were both evidence of his understanding and intention in regard to it. The mistake having been made, it would seem probable that if Towne had read the certificate he would have called the society's attention to it and had it corrected. Since it is clear that the mistake was made, the only explanation of Towne's conduct, in view of all the evidence, is that he never noticed it. If he failed to read the certificate and did not know that the mistake had been made, the right of complainants to a reformation would not be barred by his mere possession of the certificate. We are satisfied with the conclusions of the Appellate Court on that subject.

The fact that the declarations of Towne were not made in the presence of his wife, the defendant, is not material. She had no vested right in the certificate and he was the only party in interest in his lifetime. He was the party with whom the contract was made, and her presence or absence was immaterial.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*