## National Union v. Margaret Hunter.

1. BENEFICIARY ASSOCIATIONS—*Prima Facie Evidence of the Service of Assessment Notices.*—In an action upon a certificate of a beneficiary association the secretary testified that while he had no recollection of putting a particular notice for an assessment into an envelope and addressing it to a particular member, he followed his usual custom of mailing a notice to each and every member, and that the one sent to each member showed him the amount of the assessment and was on the blanks of the secretary; *held, prima facie* evidence of the service of the notice upon the deceased member.

2. SAME—*Vested Rights of Beneficiaries.*—A beneficiary named in the certificate of a beneficiary association has, during the lifetime of the insured member, no vested rights in the insurance or against the association which can not be lost by action or non-action on the part of the insured.

3. EVIDENCE—*Admissions of Deceased Members of Beneficiary Associations.*—The admissions of a deceased member of a beneficiary association as to his acts of omission or commission, in relation to his certificate of membership, are admissible in evidence in suits by his beneficiary against the association.

4. BY-LAWS—*Of Beneficiary Associations—When Self-Executing.*— A by-law of a beneficiary association providing that if a member fails to pay the amount due from him upon an assessment within one month from the date of the notice, as provided by law, he shall stand suspended, is self-executing, and no action, after giving such notice, on the part of the association or any of its officers, is required to effect a suspension.

5. FORFEITURES—*Failure to Pay Assessments in Beneficiary Associations.*—The failure of a member of a beneficiary association to pay an assessment legally made upon him, is, in itself, a forfeiture of his rights in the association.

Assumpsit, on a beneficiary certificate. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed, and judgment in this court, with a finding of facts. Opinion filed December 24, 1901.

Chas. J. Kavanagh, attorney for appellant.

James Maher and Thomas H. Cannon, attorneys for appellee; Wells M. Cook, of counsel.

Mr. Justice Waterman delivered the opinion of the court.

Joseph E. Hunter having made application for membership in General Hancock Council, No. 501, National Union, on the 3d day of November, 1896, a benefit certificate was issued to him, by the terms of which appellant agreed to pay to appellee the sum of $2,000 upon the death of said Joseph E. Hunter, subject to certain conditions, one of which was that the said Joseph E. Hunter should be in good standing in the order at the time of his death.

Joseph E. Hunter died on the 25th day of November, 1898. Appellant refused to pay appellee, whereupon she brought suit and recovered in the court below a judgment for $2,383.66.

Appellant, in the court below, filed a plea setting up that Joseph E. Hunter having been duly notified to pay an assessment known as No. 176, failed to pay the same, and that by reason of his failure to so pay, he became and was suspended after the expiration of one month from date of notice, and that by reason of such suspension he was not a member in good standing at the time of his death.

Assessment No. 176 was levied in December, 1895. The secretary of the company testified that while he had no recollection of putting a particular notice for assessment No. 176 into the envelope, addressing and mailing it to Joseph E. Hunter, he did follow his usual custom in mailing a notice to each and every member, including Hunter, and that the notice sent to Hunter showed him the amount of the assessment and was on the blanks furnished by the secretary.

This was *prima facie* evidence of the reception of such notice by Mr. Hunter.  National Union v. Shipley, 92 Ill. App. 355–361.

In addition to this it was shown that Hunter afterward talked with the secretary concerning such assessment and some time after his suspension for non-payment of the same had gone into effect, offered to pay the same to the secretary of appellant and made an application for reinstatement.

It is urged by appellee that she is not bound by any admissions made by Joseph E. Hunter, the insured, that he had received notice of assessment No. 176 or by anything he may have stated in his application for reinstatement. We can not agree to this contention.

Appellee had, during the lifetime of the insured, no vested right in the insurance or against appellant, which could not be lost by action or non-action on the part of the insured. His acts of commission and omission might at any time have rendered the benefit certificate of no value.  What he said and did in respect to the same was therefore admissible. Hansen v. The Supreme Lodge of the Knights of Honor, 140 Ill. 301, 303–306.

Appellee contends that law 43 of the order as to the suspension of members is not self-executing.  Section 1 of this law is as follows:

"If any member shall fail to pay to the financial secretary of his council the amount due from him upon assessment within one month from the date of the notice, as provided by law, he shall stand suspended from the council."

This provision is clearly self-executing.  No action, after giving notice, on the part of the council or any of its officers, was required to effect a suspension.  On the contrary, section 2 of law 43 distinctly provides that the failure of the financial secretary to notify the president of the council of the date of the suspension, or the failure of the president to announce the suspension, shall in no wise effect the suspension of a member, but he shall stand suspended upon his failure to pay the assessment as provided in the last preceding section.

The suspension was, however, not a termination of membership. Law 44 provided that he might reinstate himself after suspension, at any time within one month, on payment of all amounts due, together with a fine of twenty-five cents. He had thus an absolute right to reinstate himself. Action alone was required to restore him to good standing.

After he had been suspended more than one month, he could not, under section 2 of law 44, be reinstated, except upon application on a blank provided by the senate secretary, a ballot taken and a majority vote for reinstatement, and as a beneficiary member he was, after the expiration of said month, also required to be re-examined by the medical examiner and approved by the medical director.

A member having remained suspended six months, section 3 of law 44 provides that his name shall be stricken from the books and his membership cease. So long as the insured was a member and had a right, either absolute or conditional, to reinstatement, it was proper to send him notice of subsequent assessments, and such notice was not a waiver of the suspension.

More than a month after the suspension had gone into effect he made an application for reinstatement and was examined by the medical examiner. In this application he stated as follows:

" I am not now a member of this order. I have not been six months before rejected and not now under suspension and have never been expelled from any council of this order and am a believer in the Supreme Being."

It seems to be conceded that the foregoing statements in the application were mistakenly made, a blank for an original application having been used instead of a reinstatement blank. The statement therein that he was not now a member of the order and not now under suspension are not to be taken for or against either party. The application is of consequence only as showing that he did apply for reinstatement and therefore must be presumed to have received notice of assessment No. 176. More than thirty days prior to the making of said application, viz., on February 11, 1896, the secretary of the union wrote to him as follows :

" FRIEND HUNTER : If you pay this up right away you can be reinstated. Don't let it run too long or you will have to be examined by doctor. Hoping to hear from you soon, I am,

Yours in L., P. & T.,

M. MINAHAN,

Fin. Secty."

And mailed to him an assessment notice of assessment No. 179, which was called February 10, 1896. This notice called for the payment of $5.63, thus including the amount of all unpaid assessments. Somewhere between the 8th and 11th of March, 1896, and at a time when he could be reinstated only under the terms of section 2 of law 45, requiring an application upon a prescribed blank, the consent by a majority vote of the council and examination by the medical examiner, approved by the medical director, he offered the sum of $5.63 to the financial secretary of the council. The financial secretary told him that he could not accept it on account of his being under suspension; then, after talking for some time, told him that he would take the money and keep it for him, but would give him no receipt for it, nor would he enter it upon the books, whereupon Hunter told him to take the money and keep it, and when he was reinstated to turn it over to the council. Under these circumstances the financial secretary took the money, but never made any entry of it on the books of the council and never turned it over to the council, and testified at the trial that he had it in his possession yet.

The financial secretary had at this time no authority or power to, by the reception of the money or otherwise, waive the suspension or restore to good standing the suspended member.

This court held in the case of National Union v. Sarah M. Shipley, 92 Ill. App. 355, that the failure of a member of this union to pay an assessment legally made upon him and of which he had notice, before the expiration of thirty days from the time of the reception of the notice, *ipso facto* operated as a suspension. The insured not being in good standing at the time of his death, appellee was not entitled to recover.

The judgment of the Superior Court is reversed and a judgment for appellant will be here entered upon the finding of facts.

Reversed, and judgment here.

**Finding of Facts.**—The court finds that the insured, Joseph E. Hunter, had been suspended more than thirty days prior to his death, and was not, at the time of his death, a member in good standing of the National Union, appellant.