Robert Brown, Defendant in Error, v. Mystic Workers of the World, Plaintiff in Error.

## Gen. No. 14,588.

1. INSURANCE—*when defense arising as result of violation of law not established.* If the defense is predicated upon a provision in the certificate to the effect that if the death of the member "shall occur in consequence of any violation or attempted violation of the laws of any state, territory, province or country," the same must be established by a preponderance of the evidence, and each and every element which constituted the crime charged must likewise be established by a preponderance of the evidence.

2. INSURANCE—*when declarations of insured competent.* A member holding a benefit certificate continues a party to the contract until death ensues, and a material statement by such a member as to acts which tend to show the cause of resulting death are competent as admissions against interest.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed November 19, 1909.

Statement by the Court. Robert Brown brought suit, in the Municipal Court of Chicago, against the Mystic Workers of the World, a mutual benefit association, and obtained a verdict by a jury and a judgment for $700. Plaintiff in error prosecutes this writ to reverse that judgment.

The suit was brought to recover a certain benefit, or insurance, payable by the association upon the death of plaintiff's wife, Emma Brown, who was a member of the association. By a certificate of membership issued which, together with an application for membership and the laws and regulations of the association, constituted the contract involved, the association promised to pay a certain amount to plaintiff upon the death of his wife. On January 1, 1907, Mrs. Brown was taken sick and on January 18, 1907, she died from

septicemia and pyemia, the result of an infection in connection with an abortion.

The benefit certificate contains a provision that if the death of the member "shall occur in consequence of any violation or attempted violation of the laws of any State, territory, province or country," in which such member may be, then "this certificate shall be null and void and of no effect, and all moneys which have been paid and all rights and benefits which may have accrued, on account of this certificate, shall be absolutely forfeited." The by-laws of the association provide that no mortuary benefit shall be paid to the beneficiary of a member whose death was caused by "immoral conduct, or as a result of his own wilful act or the violation or attempted violation of any of the laws of the country in which he may be."

Bertrand Lichtenberger, for plaintiff in error.

Johnson Lowenthal and Josiah Burnham, for defendant in error.

Mr. Presiding Justice Chytraus delivered the opinion of the court.

The position of plaintiff in error is that Mrs. Brown produced a criminal abortion upon herself by means of pills taken with that intent and purpose. As we understand the law, the burden of proof rested upon plaintiff in error to establish, by a preponderance of the evidence, each and every element constituting the crime of criminal abortion. The word abortion, alone, does not imply or convey the idea of criminality. Cent. Dic. The jury found the issues against plaintiff in error and it is, of course, impossible to tell what particular element or elements constituting the crime the jury found plaintiff in error failed to establish by a preponderance of the evidence. Practically, the only evidence in the record tending to show her intent to produce a criminal abortion is the testimony of a phy-

sician who attended her during her last illness. He testified that she told him she had taken pills to produce the abortion. Mrs. W. H. Coffey testified, in this connection, that Mrs. Brown told her "she had been to see a physician and he told her she was not pregnant and that he gave her some pills." At another time, this witness says, Mrs. Brown told her a physician had informed her she was pregnant, just one month. There is no claim or pretense of the use of any instrument.

Upon the evidence herein it must be taken as true that Mrs. Brown made the statement, unsworn, that she had taken pills to produce the abortion. Assuming, then, for present purposes, that she did take pills and had the purpose in view to produce an abortion, nevertheless it does not necessarily follow that the abortion which occurred was a criminal abortion nor that the abortion was produced by the pills she stated that she had taken. If it be contended that the crime of criminal abortion is clearly deducible or inferable from this evidence referred to, the fact that she wished an abortion and the other facts and circumstances appearing in the evidence, the reply is that the jury, in such case as this, must be regarded as fully as capable of deducing or inferring correct conclusions from facts and circumstances proven as are the members of this court. It is clear that although we assume the pills to have been taken by Mrs. Brown, as she stated, such taking has not been so closely connected up, by evidence, with either a criminal abortion or with the death as to justify us in nullifying the verdict of the jury and the judgment of the trial judge. Both the jury and the trial judge exercised judgment upon those questions of ultimate fact and, upon one or both, arrived at a conclusion contrary to the contention of plaintiff in error. We must bear in mind that, except as may be assumed from Mrs. Brown's statement, it is not shown what the pills she spoke of in fact were. The evidence, for instance, does not clearly show that between the taking of the pills and the abortion there

was the relation of cause and effect. While Mrs. Brown said to the doctor that she took pills to produce an abortion, that statement may not, for instance, have satisfied the jury and the trial judge that she took pills with a criminal intent. Here such intent was a necessary element. In order to prevail it was necessary for plaintiff in error to prove such intent by a preponderance of the evidence.

Again, the cause of death being septicemia may, owing to carelessness or otherwise, have been occasioned by infection during her treatment by her physician, perhaps in the tamponing. Septicemia arises by infection from the outside.

If the death were so caused, then, although she had taken pills and although in doing so, she may have had the criminal intent, such infection would be the direct, intervening producing cause of her death, and her death would then not be the consequence or result of her violations of the laws of the State or of her own immoral conduct or violation of law. The quoted provisions of the certificate and by-laws would, in such event, afford plaintiff no defense in this action.

In the argument on behalf of defendant in error it is insisted that the physician's testimony as to what Mrs. Brown had told him was incompetent and should be disregarded. The argument is that, unless Mrs. Brown's statement was part of the *res gestae* of the fact in controversy between the parties to this cause, it was incompetent in the trial and inadmissible. We do not agree with the contention that unless her statement was part of the *res gestae* it was incompetent and inadmissible. There is great difference between the contract of insurance by straight life insurance policies and the contract of insurance in a mutual benefit organization, in respect to the relation between the insured and the beneficiary. By a contract of insurance such as that here involved the beneficiary is much more closely identified with the insured than is the beneficiary in the ordinary straight life insurance

policy. For instance, the contract here depends for its existence entirely upon the continued membership of the insured in the association and this involves much more than the mere payment of insurance assessments. In such instances as that now before us the insured continues a party to the contract involved until the very moment when the cause of action accrues to the beneficiary. During the continuance of the contract the insured can at any time, by terminating his membership and in other ways, totally destroy the right or title of the beneficiary. The benefit certificate alone is not the entire contract. Usually the by-laws of the association provide for sick benefits to the member, i. e., the insured, himself.

Regarding the competency and admissibility of declarations by the deceased insured, in a suit by the beneficiary, Prof. Wigmore, in Wigmore on Evidence, sec. 1081, speaking generally, says the situation in respect to these admits of much refinement of reasoning dependent upon the theory of the contract of insurance. We hold in the case at bar that Mrs. Brown's statement was an admission made by a party in interest at the time of the making of the admission and, as the admission was not one of a conclusion or deduction drawn from other facts, nor a question of law or a mixed question of law and fact, but an admission of a primary fact—an act of the admitter herself—the evidence of the statement was competent and admissible. The principle of this holding is sustained by Hansen v. Supreme Lodge, etc., 140 Ill. 301, and Van Frank v. U. S. Masonic Ben. Assn., 158 Ill. 560. The weight of the admission toward establishing the fact sought to be proven was a question for the jury.

No other question than those hereby disposed of is raised upon this record.

The judgment of the Municipal Court is affirmed.

*Affirmed.*

MACK, J. While I concur in the judgment, it is unnecessary and I am not prepared to determine

whether such a statement of the insured as was here offered in evidence is admissible, under the rulings in the Hansen and the Van Frank cases, against a beneficiary even under a fraternal insurance certificate and even though the beneficiary's rights are contingent in the sense that the insured has the absolute right to change the beneficiary. See 5 Wigmore Evidence, sec. 1081, n. 6, and A. M. Kales "Declarations of the insured against the beneficiary," 6 Columbia Law Rev. 509.