MARGUERITE FLORENCE MURRAY, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**New trial:** APPEAL: REVIEW. Where a motion for new trial is sustained on one or more grounds, but is not overruled as to other grounds, the order will not be reversed except on a showing that none of the grounds of the motion were good.

*Appeal from Scott District Court.*—Hon. A. P. Barker,
Judge.

Monday, December 20, 1909.

Suit to recover damages for a personal injury. A
verdict for the plaintiff was set aside on defendant's mo-
tion, and a new trial ordered. The plaintiff appeals.—*Af-
firmed.*

*Finger & Letts* and *Wade, Dutcher & Davis,* for ap-
pellant.

*Carroll Wright, J. L. Parrish,* and *Cook & Balluff,*
for appellee.

Sherwin, J.—The plaintiff worked in a laundry op-
erated by the defendant, and while engaged in receiving
articles from an ironing machine called a mangle, both
hands were caught between the rollers of the machine,
and were so badly injured that it became necessary to
remove all the fingers of the left hand and parts of some
of the fingers of the right hand. The petition charged neg-
ligence in not warning plaintiff of the danger incident to
the operation of the mangle; negligence in not guarding
the rollers of the mangle as required by the statute, and
in operating it without strings, or substitutes therefor,
fastened around the group of rollers to prevent articles
passing through the mangle from wrapping around the rol-
lers.

The evidence showed that the plaintiff had worked in
the laundry for several months prior to the injury, and that
during a part of the time she had operated and helped to
operate this same mangle, both on the feeding and receiv-
ing sides thereof. She was seventeen years old when she
was injured, and she was a girl of more than ordinary in-

telligence.  When her hands were caught, she was attempting to catch the end of a tablecloth that was about to wrap around the rollers instead of being discharged onto the receiving platform.  The defendant pleaded that the plaintiff was well aware of the condition of the mangle prior to and at the time of her injury; that she was at all times fully aware of the danger incident to its operation; and that she assumed the risk of any danger occasioned by the operation of the machine without strings or guards.

The trial resulted in a verdict for the plaintiff for $17,375.  A new trial was asked on the ground that the verdict was excessive, and so excessive as to indicate passion and prejudice.  The instructions were complained of, and error was claimed on account of rulings on the introduction of evidence.  It was also claimed that the court erred in not directing a verdict for the defendant at the close of plaintiff's evidence.  The motion was sustained generally, and, to secure a reversal of the court's order granting a new trial, the appellant must show that there was no warrant for the exercise of the discretion which is given the trial court.  The appellant does not discuss all of the grounds presented in the motion, but relies chiefly upon the statement of the trial court that in its opinion it was error to submit to the jury the question whether it was negligence not to have guards for the rollers, and negligence to operate the machine without strings about the rollers.

Without entering upon a discussion of the evidence we are constrained to say that we think there was no abuse of discretion in the order of the trial court.  It is at least a serious question whether there was or was not such an assumption of risk as to defeat recovery.  So, too, the court may have concluded from all the facts and circumstances before it that the verdict must have been influenced by prejudice, or by undue sympathy for the plaintiff.  Where a motion for a new trial is sustained on one or more of the grounds thereof, but is not overruled as to the other grounds,

the order will not be reversed, except upon a showing that none of the grounds of the motion were good, and this has not been done.  *Holman v. Ry. Co.,* 110 Iowa, 485; *Van Wagenen v. Parsons,* 106 Iowa, 263.

The order of the trial court is *affirmed.*