## Axel Lundholm, Appellant, v. Mystic Workers of the World, Appellee.

## Gen. No. 5518.

1. EVIDENCE—*competency of admissions of assured.* In an action upon a benefit certificate issued by a mutual benefit society, statements made by an assured are competent evidence against the beneficiary.

2. EVIDENCE—*comptency of coroner's verdict.* A coroner's verdict is competent in an action upon a benefit certificate where the defense is that death resulted from a cause which precluded liability by the society.

3. EVIDENCE—*when proofs of death competent against beneficiary.* Statements made by a physician in proofs of death submitted to a society are competent against a beneficiary if such beneficiary has in such proofs of death adopted such statements.

4. APPEALS AND ERRORS—*when admission of erroneous evidence will not reverse.* If a case is tried without a jury the admission of incompetent evidence will not reverse if there is sufficient competent evidence to sustain the judgment.

5. FRATERNAL BENEFIT SOCIETIES—*what defense to action upon certificate.* If a contract of insurance precludes recovery in the event of death resulting from a violation of the law, there is no liability where death results from the assured having a miscarriage produced where such miscarriage was not essential to the preservation of the life of the assured.

Assumpsit. Appeal from the Circuit Court of Rock Island county; the HON. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

G. A. SHALLBERG and J. T. & S. R. KENWORTHY, for appellant.

B. F. LICHTENBERGER and WALKER, INGRAM & SWEENEY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 4, 1904, Lydia Holstein obtained a benefit

certificate in the sum of $1,000 in the fraternal bene-
ficiary society known as the Mystic Workers of the
World, payable in the case of her death to her father
and mother. The laws of the order permitted the in-
sured to change the beneficiary. She afterwards mar-
ried, and surrendered said certificate, and on May 23,
1905, obtained another certificate of like tenor, except
that it was payable to her husband, Axel Lundholm.
She died on April 6, 1908. Her husband made proofs
of death and, payment being refused, brought this suit
against the society on the certificate and filed a declar-
ation in proper form. The society filed the general is-
sue and three special pleas. A demurrer was sustained
to the three special pleas and the society filed four
amended special pleas, hereinafter called the pleas.
The first and third pleas set up an answer by the in-
sured in her application wherein she waived all rights
or benefits based on that application if she died by
suicide, while not insane, or in violation of the laws
of the country, and the first plea averred that the in-
sured, being pregnant, unlawfully administered to her-
self tansy pills to produce miscarriage, not necessary
for the preservation of her life, and knowing that said
pills would produce a miscarriage, in violation of the
laws of Illinois, and as a result thereof she miscarried
and died. The third plea was the same, except that it
averred that the miscarriage was produced by the use
of an instrument or instruments, the names of which
were unknown to defendant. The second plea set up a
provision in the constitution and by-laws of the order,
to the effect that no benefit should be paid to the bene-
ficiary of any one whose death was caused directly or
indirectly, in whole or in part, by immoral conduct or
as the result of his own wilful act or attempted viola-
tion of any of the laws of the country. It then averred
the cause of death as in the first plea. The fourth plea
combined all the defenses alleged in the first, second
and third pleas, except that it charged that the mis-

carriage was produced by an instrument or instruments. The first replication was to all the pleas and denied the use of tansy pills with intent to produce a miscarriage. The second replication was to the first and second pleas and denied that the death was the result of taking tansy pills to produce a miscarriage. The third replication was to the third and fourth pleas and denied that deceased used an instrument or instruments with intent to produce a miscarriage. The fourth replication was to the third and fourth pleas and denied that the insured died as the result of using any instrument or instruments with intent to produce a miscarriage. The fifth replication was to all the pleas and alleged that insured was not pregnant and did not die from an attempt to produce a miscarriage. At the trial, at the close of all the proofs, the court instructed the jury to find the issues for the society. Such verdict was returned, a motion by plaintiff for a new trial was denied, and the society had a judgment, from which plaintiff below appeals.

Appellant contends that the court erred in admitting in evidence statements made by the assured concerning her pregnancy and the miscarriage. These statements were proved by physicians, who attended her after the miscarriage had been produced, and also by her husband. Statements made by an assured are competent evidence against the beneficiary. Towne v. Towne, 191 Ill. 478; Treat v. Merchants' Life Association, 198 Ill. 431; Court of Honor v. Dinger, 123 Ill. App. 406 and 221 Ill. 176; Brown v. Mystic Workers, 151 Ill. App. 517. In Niblack on Benefit Societies, 2nd Ed., sec. 325, while it is conceded that such statements are not admissible in ordinary life insurance, where a vested interest passes to the beneficiary and the assured ceases to be a party in interest, the rule as to mutual benefit societies like the one here involved,

where the assured may change the beneficiary, is thus stated:

"But in contracts of mutual benefit insurance where the contract is between the society and the member, where the beneficiary has only an expectant interest, and the member insured has full power and dominion over the contract until the moment of his death, it has been held that the reason for the rule in ordinary insurance does not exist, and that there is no escape from the conclusion that, since the beneficiary has no vested interest in the contract, the member must have dominion over it, and that his declarations are admissible against the beneficiary just as they would be against his legal representatives."

Appellee called appellant as its witness. During his direct examination he repeatedly stated what his wife had said to him. Most of these answers were not responsive to the question,— that is, the question did not ask him to state what his wife said, but appellant volunteered his wife's statements. If the case depended upon this testimony by the husband, we should have grave doubts whether portions of these answers ought not to have been excluded, but in the main they only confirm what was testified to by the physicians, which evidence was clearly competent. It is to be remembered that this case was not decided by the jury, and the admission of incompetent testimony or the failure to exclude incompetent testimony did not therefore aid in procuring this verdict. If the competent testimony authorized the court to direct a verdict for appellee, that action should not be reversed merely because the court may also have admitted some evidence tending to support the verdict which was incompetent.

It is contended that the court erred in admitting in evidence the verdict of the coroner's jury. This action is supported by United States Life Ins. Co. v. Vocke, 129 Ill. 557; Pyle v. Pyle, 158 Ill. 289; and Grand Lodge v. Wieting, 168 Ill. 408.

It is contended that the court erred in admitting in

evidence on behalf of appellee the proofs of death and especially the affidavit of Dr. Sloan, a part thereof. These proofs of death were made by appellant. The affidavit of Dr. Sloan was named thereon as ''Blank F'' and in the part of the proofs of death signed by appellant, he made the following statement:

''I further state that Blanks ''A'', ''B'', ''C'', ''D'', ''E'', ''F'' and ''H'', of the death proofs herewith filed with this claim, have been executed at my special instance and request and the statements therein contained are adopted by me and agreed to as the basis of this claim.'' Under these circumstances it was not error to admit in evidence said proofs of death or said affidavit of Dr. Sloan, a part thereof as ''Blank F.''

We do not deem it necessary to state at length the various statements and facts shown by the proof hereinabove held to be competent. When all the proof is considered, it was clearly established that Mrs. Lundholm was with child, that she desired to be relieved thereof, that she went to a woman in Rock Island who called herself a doctor and the latter performed upon her a criminal operation with instruments, as the result of which Mrs. Lundholm died. Appellant contends that it might have been an accident. Medical testimony showed that an accidental miscarriage has a different effect upon the mother from a miscarriage produced by force or by medicine, and that the symptoms here plainly indicated that this was not an accidental miscarriage. It is contended that this operation might have been necessary to save the life of Mrs. Lundholm. It was proved that she was in excellent health until this miscarriage was produced and this by the testimony of her own physician, who saw her often upon the street and noted her good health. We think there is enough in the proof to establish that this operation was not necessary to preserve her life. It is contended by appellant that it is not a violation of the law

of this State for a woman to procure an abortion to be performed upon herself, even though not done to preserve the mother's life. We are of opinion that Section 3 of Division 1 of the Criminal Code is a sufficient answer to this contention. See also Hatch v. Mutual Life Ins. Co., 120 Mass. 550.

We are of opinion that if, upon this evidence, the jury had found a verdict for appellant, it could not have been sustained, and that the court did not err in directing a verdict for appellee.

The judgment is therefore affirmed.

*Affirmed.*