## Alfred Libre, Appellee, v. Brotherhood of American Yeomen, Appellant.

### Gen. No. 5571.

1. EVIDENCE—*what competent upon question of age.* Witnesses who have known a person long enough to form an opinion as to her age are competent to give that opinion and it is then for the jury to determine what weight said opinion is entitled to under all the surrounding facts and circumstances.

2. FRATERNAL BENEFIT SOCIETIES—*when proofs of death competent.* Proofs of death are competent in an action on a benefit certificate

where such certificate required that the beneficiary should make such proofs before recovery could be had.

3. FRATERNAL BENEFIT SOCIETIES—*competency of statements of insured.* There is a well marked distinction between what are known as "old line" policies and fraternal insurance policies; while in actions upon the former statements and admissions by the insured may be incompetent yet in actions upon the latter they are competent and should be received to bind the beneficiary.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed April 25, 1912.

JOHN D. DENISON, JR., and TRUESDELL, SMITH & LEECH, for appellant.

BROOKS & BROOKS, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

On May 9, 1907, appellant issued to Marie C. Libre its benefit certificate for $2,000 payable to her son, the appellee, under proof of her death. She died May 27, 1909, and proof of death was made in due time, and upon refusal of the defendant to pay the amount, this suit was brought, which resulted in a judgment in favor of plaintiff and against defendant for $1,650.58 and costs, and the defendant appealed and assigns errors.

Plaintiff's original declaration consisted of one special count on the benefit certificate, and the common counts. Defendant's demurrer was overruled to the declaration and it filed nine pleas; and a demurrer was sustained to each of them except the first, on which issue was joined, and it elected to stand by its second, fourth and eighth, and amended each of the others, and filed two additional pleas. A demurrer was sustained to the first additional plea, and defendant elected to stand by it. Plaintiff replied to defendant's first, third, fifth, sixth, seventh amended, and second

additional pleas, making general denial, and defendant joined issue. The only errors complained of on the pleadings are in sustaining plaintiff's demurrer to the fourth original and first additional pleas. These were substantially alike, and alleged that the deceased understated her age ten years in her written application for said certificate. We think no harm was done appellant in sustaining the demurrers to these pleas, as other pleas upon which issue was joined, alleged the same matter.

The first amended plea was the general issue sworn to denying power of defendant to execute the benefit certificate sued on. The ninth amended plea set out the law of Iowa, under which the defendant was incorporated, and its charter, and alleged its want of power thereunder to accept persons over fifty years of age, and that deceased was at the time she made such application over fifty years of age. The second additional plea alleged decedent's understatement of her age in her written application was a fraudulent misrepresentation.

The only evidence introduced or offered on the trial by the defendant was its charter and by-laws, and upon the question of decedent's age.

It is undisputed that Marie C. Libre, or Lebre as it is sometimes spelled in the record, the assured, was born in France, and with her husband and their children then living, came to this country in 1882, and located in Dixon, Illinois, where she lived until her death on May 28, 1909. It is not denied that Marie C. Libre had paid all dues and assessments promptly, and was in good standing in said society at the time of her death.

Appellant insists that the trial court erred in permitting witnesses who had known the deceased for several years to testify as to their judgment of her age. We think this testimony was properly admitted. Witnesses who have known a person long enough to

form an opinion as to her age, are competent to give that opinion; and it is then for the jury to determine what weight said opinion is entitled to under all the surrounding facts and circumstances. People v. Davidson, 240 Ill. 191; Wistrand v. People, 213 Ill. 72; Elsner v. Sup. Lodge K. L. H., 11 S. W. Reporter, 991.

It is also insisted that the trial court erred in admitting in evidence the proofs of death filed with the defendant. Under the terms of the certificate, plaintiff was required to make such proof before he would be entitled to recover the amount due thereon. His declaration alleged that he had made such proof, and it was therefore incumbent upon him to prove that allegation. Benefit Ass'n v. Hoffman, 110 Ill. 603; Railway Cond. Ass'n. v. Robinson, 147 Ill. 138; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Knights Templar & M. L. Ins. Co. v. Crayton, 110 Ill. App. 648.

The defendant offered in evidence written applications of the deceased for insurance upon her own life in two other companies. In one dated February 23, 1901, she stated that she was born in France, November 6, 1853; and in the other, dated May 9, 1907, that she was born in France November 6, 1859. The application for the certificate sued on in this case is dated May 1, 1907, and in it she states she was born in France November 6, 1857.

We have been referred to numerous authorities by counsel, upon the question of the admissibility of statements and admissions of the insured. There is, however, a well marked distinction between what are known as old line policies, and what are known as fraternal insurance policies. Brown v. Mystic Workers, etc., 151 Ill. App. 517; Nat. Union v. Hunter, 99 Ill. App. 146; Van Frank v. U. S. Masonic B. Assn., 158 Ill. 560.

These applications were signed by her, and therefore presumably her statement. We think they should have been admitted in evidence for the consideration of the jury in connection with all the facts and circumstances attending their execution. Counsel refers

us to the rule announced in the case of Court of Honor v. Dinger, 123 Ill. App. 406, affirmed in 221 Ill. 176, to the effect that declarations and admissions of the insured are admissible in a suit by the beneficiary against an insurance company only when made at or near the time of making the application. That is no doubt true as to a condition of health, etc., which may be good at one time and very poor at another; but the applicant's birthday does not change, and presumably she knew that date well, if not better at an earlier time than at a later one. It will be noticed that the first application was signed over six years before the one sued on, and the other eight days after. It will also be noticed that the date of her birth is given differently in each of the three applications.

Appellee testified that he was present when his mother signed the application for the certificate sued on, and that in answer to the questions as to her age, she told Price, the agent of appellant who wrote it, that she did not know her age, but that she was about forty-nine; that she did not read it and it was not read to her, but that Price after filling in the blanks, asked her to sign her name to it, which she did, and he took it away with him. Price was not called as a witness.

In view of the closely contested question as to the age of the deceased, we think it was reversible error to sustain appellee's objection to the introduction of the applications offered in evidence; and for that error the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*