A. W. McDONALD, Administrator, Appellant, v. MUTUAL LIFE INSURANCE COMPANY, Appellee.

NEW TRIAL: Grounds—Ruling of Court—Striking Out Material Testimony. Principle recognized. that the striking out of material testimony may demand a new trial. So recognized where, in an action by an administrator on a policy of insurance, the court struck testimony tending to show that the sole beneficiaries had assisted in causing the death of the insured. ·

INSURANCE: Life Insurance—Avoidance of Policy—Beneficiary Causing Death—Effect. The beneficiary of a policy of insurance, who assists in bringing about the death of the insured, may not recover on the policy. So held where parents connived at a criminal operation on their daughter, they being the sole heirs.

EVIDENCE: Documentary Evidence—Grand Jury Minutes. Principle recognized that grand jury minutes may be competent evidence of the admissions of a party.

EVIDENCE: Admissions—Of Sole Beneficiary Not Party to Record. The admissions of the real party in·interest are receivable in evidence, although such party is not a party to the record. So held where, in an action by an administrator on a policy of insurance, the admissions of the parents of the deceased, tending to show ·that they had assisted in causing the death of deceased, were held admissible, the parents being the sole heirs.

NEW TRIAL: Order Granting—Appeal—Rule of Affirmance. Where a motion for a new trial is sustained on one or more grounds thereof, and is not overruled as to the other grounds, there shall be no reversal, except upon a showing that none of the grounds of the motion are good.

NEW TRIAL: Discretion of Court—Certainty of Same Result on Retrial—Record. To grant a new trial on a record rendering it certain that a retrial must result the same as the first trial, would be an abuse of judicial discretion. Record attending the granting of a new trial reviewed, and held not to reveal such *certainty.*

*Appeal from Delaware District Court.*—FRANKLIN C. PLATT, Judge.

Friday, December 15, 1916.

Myrtle L. Irish, now deceased, obtained a policy of insurance on her life from the defendant insurance company. Upon her decease, the appellant, McDonald, claiming to act as administrator of the estate of the said Myrtle Irish, recovered a judgment upon said policy. Thereafter, a new trial was granted the defendant. This appeal is from that order. —*Affirmed.*

*J. J. Locher* and *John S. Welch,* for appellant.

*Deacon, Good, Sargent & Spangler,* for appellee.

Salinger, J.—The motion for a new trial has 14 grounds. Among them is that the court erred in striking out certain testimony given by the parents, on an inquiry before a grand jury into whether the said Myrtle died because of a criminal operation, on the ground that the parents were not the real parties in interest.

1. New trial: grounds: rulings of court: striking out material testimony.

One defense was that the parents of the said Myrtle are her sole heirs; that these heirs aided in procuring the performance of a criminal operation upon their daughter, and were therefore incompetent and incapacitated, under the law, to take or receive, by inheritance or otherwise, any portion of the estate of the daughter. It may be safely stated, as a general proposition, that, if the court erred in striking out this testimony, it did not err in granting a new trial because it had stricken it out. It seems clear that the exclusion of said testimony was an error. If, by the aid of her parents, the policy holder brought about her own death through a criminal operation, defendant is not liable. *Wells v. New England Mut. Life Ins. Co.,* 191 Pa. 207; *Hatch v. Mutual Life Ins. Co.,* 120 Mass. 550; *Burt v. Union Central Life Ins. Co.,* 187 U. S. 362; *Ritter v. Mutual Life Ins. Co.,* 169 U. S. 139; *Lundholm v. Mystic Workers,* 164 Ill. App. 472.

2. Insurance: life insurance: avoidance of policy: beneficiary causing death: effect.

Testimony given before the grand jury, on investigating the cause of the daughter's death, is admissible to bind the witnesses who gave it.   See *Steele Smith Groc. Co. v. Pott-hast,* 109 Iowa 413, 417; *Ford v. Dilley,* 174 Iowa 243.   The parents gave testimony before the grand jury, tending to prove that the daughter had come to her death by the means aforesaid.   This testimony, as seen, is binding upon the parents.   If it was also binding upon plaintiff's administrator, it was error to strike same out, and error which not only justifies, but would ordinarily require, the granting of a new trial.   The avails of the policy sued on are not subject to the claims of creditors.   The parents are the sole heirs, the real parties in interest, the estate—wherefore, the administrator who sues is purely a nominal party.   See *In re Bagnola,* 178 Iowa 757, and *Christie v. Chicago, R. I. & P. R. Co.,* 104 Iowa 707. It follows that, unless there be some competent avoidance, the trial court was right in awarding a new trial because it had excluded the said testimony before the grand jury.

*3. Evidence: documentary evidence: grand jury minutes.*

*4. Evidence: admissions: of sole beneficiary not party to record.*

As such avoidance it is urged upon us that the ground of the motion attacking said exclusion was overruled, wherefore, we may not sustain the order made because of the exclusion.   This argument is based upon the fact that, on making the order granting a new trial, the court said:

*5. New trial: order granting: appeal: rule of affirmance.*

"When I decided the case, I was under the impression that the evidence was of such nature that no pleading need be made by the plaintiff alleging a waiver of notice of proof of loss, but, upon having examined the case thoroughly, I am satisfied that such pleading was necessary, and the objection made by the defendant to the evidence regarding the proof of loss should have been sustained."

The real reliance of appellant seems to be upon the fact that, in continuing this statement, the trial judge said: "For that reason the motion for a new trial is sustained,"—which

is claimed to be a statement that sustaining the motion rests wholly upon this reason, which is assigned in terms, and that, therefore, all the other grounds of the motion are overruled. This is followed out by the claim that, if we must find the assigned reason to be an untenable reason, we must reverse the order granting a new trial, which is all logical, if the premise be sound.

The motion did present the ground upon which the court ruled, in terms. It is, of course, true that this particular ground was sustained, and true that the court does say that the motion "is sustained for that reason." It is, however, not said, in terms at least, that other grounds of the motion do not affect the court, nor that all others are overruled. It is true, also, that, if there was no error in taking testimony surrounding the proofs of loss, the trial court gave a wrong reason for sustaining the motion. But ought we to interfere with an act which merely gives the second opportunity to be heard, in which appellant may be successful, merely because, from good reasons for a new trial, exhibited in the motion, the court, in speaking to its ruling, selected one that, for the sake of the argument, is not good? Suppose it appeared, on an application for a new trial, that the entire support for a judgment was confessedly hearsay testimony, and that it was made another ground that the prevailing party did not need the money awarded by the judgment. Surely we would not disturb an order granting a new trial, though, in so far as the court spoke, it declared its reason for granting a new trial to be the fact that such money was not needed. We are of opinion that *Murray v. Chicago, R. I. & P. R. Co.*, 145 Iowa 212, 214; *Holman v. Omaha & C. B. R. & B. Co.*, 110 Iowa 485, 486, correctly state the rule to govern here. That is, where a motion for new trial is sustained on one or more grounds thereof, and is not overruled as to the other grounds, there shall be no reversal, except upon a showing that none of the grounds of the motion were good.

There is but one other possible avoidance.  The discretion to grant a new trial is a judicial one, and, if it appears as matter of law that a retrial cannot reach a different result

6. NEW TRIAL: discretion of court: certainty of same result on retrial: record.

than the first one did, it would abuse that discretion to grant a new trial.  It may well be anticipated that on a retrial plaintiff will supply that plea of waiver, the absence of which was the reason given for granting the new trial.  If, assuming such plea to be made, we can now say plaintiff must fail on the new trial, then she should not have been given an opportunity which means only to indulge in a retrial that is foredoomed to failure.  With the pleadings thus reframed, it is indicated that, on one hand, it will be claimed that the proof was insufficient, and that there is no waiver that dispenses with a sufficient proof of loss; on the other, that the conduct of the insurer waived proof of loss, by some of the acts which have been held to operate as a waiver in cases like *Correll v. National Accident Society*, 139 Iowa 36; *Griffith v. Anchor Fire Ins. Co.*, 143 Iowa 88; *McClure v. Great Western Accident Assn.*, 141 Iowa 350; 2 Bacon's Benefit Societies & Life Ins. (3d Edition), Sections 411—413; Niblack, Mutual Benefit Societies, Sections 378, 379; *Lazensky v. Supreme Lodge*, 31 Fed. 592; *Boyd v. Cedar Rapids Ins. Co.*, 70 Iowa 325; *Harris v. Phœnix Insurance Co.*, 85 Iowa 238, 240; *Bloom v. State Ins. Co.*, 94 Iowa 359, 362, 363; *Scott v. Security Fire Ins. Co.*, 98 Iowa 67, 70; *Smith v. Continental Ins. Co.*, 108 Iowa 382, 390, and *Soorholtz v. Marshall County F. M. F. Ins. Co.*, 109 Iowa 522.

It is fairly apparent that it cannot be said to be certain that plaintiff must succeed, and that, therefore, granting a new trial to defendant was an abuse of discretion.  We think the order made was no abuse of the discretion lodged in the court, and said order is—*Affirmed.*

Evans, C. J., Ladd and Gaynor, JJ., concur.