Mary Bernard, Administratrix of Estate of John Habowski, Appellant, v. Metropolitan Life Insurance Company, Appellee.

Gen. No. 41,892.

656

Heard in the third division of this court for the first district at the October term, 1941. ▮ Opinion filed December 9, 1942.

HUBBARD, BAKER & RICE, of Chicago, for appellant.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellee; NATHANIEL RUBINKAM and JOHN C. MELANIPHY, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action on an industrial insurance policy, with verdict and judgment for the defendant.

The jury, found in a special interrogatory that the insured, John Habowski, was born in the year 1857. This interrogatory presented the vital factual issue in the case. In the application for the policy, made in December 1931, the insured's age was given as about 50 years. The defendant contended the age was misstated. The policy provided that if insured's age had been misstated only such benefits accrued thereunder as the premiums paid would have purchased at the correct age.

Plaintiff proved the insured signed the application and that he died; and introduced the policy and copies of her letters of administration. Proof of death under the policy was admitted by the pleadings.

Plaintiff is the stepdaughter of the insured. Her mother Catherine married him in Philadelphia in 1896 and died in 1924, at the age of 59. Plaintiff, at the time of the marriage was 15 years of age, and as simple computation shows her mother was then 28 years of age. A former co-employee gave his opinion that the insured was 75 or 76 years old in 1936, and several

witnesses for plaintiff gave opinions that decedent was of an age between 50 and 60 years, based on decedent's occupation as janitor and his painting, hauling ashes, etc., up to a short time before his death. However, the opinion evidence was not convincing. The essential proof of misstatement of age was an application made by insured under the name Jan Chabowski in 1897, for benefits under the Polish National Alliance Mortuary Fund in which decedent gave his age as 40 and year of birth, 1857. The application was witnessed by two lodge members. That policy issued and after his death plaintiff applied for and was paid as beneficiary thereunder. The burden of proving its affirmative defense of misstatement of age was placed on the defendant and since there was competent evidence of misstatement, the question was, therefore, for the jury and we cannot set aside its verdict, unless against the manifest weight of the evidence.

Plaintiff contends that the introduction of the prior application was error because it was not competent as an admission against plaintiff in this suit by her as beneficiary, and was in the Polish language, and while interpreted at the trial, it was not translated and its admission was, therefore, in violation of schedule 18 of the Constitution of the State of Illinois. Plaintiff's counsel objected to defendant's witness, a Polish linguist, interpreting the prior application and the court invited counsel to produce a witness if he wished a translation of the entire document. Such a witness was not produced. On this question we need only say that questions relevant to this case were, in that prior application, both asked and answered in writing in Polish and English and both sets signed by the applicant Jan Habowski. Questions and answers referring to decedent's birth and age were in English and plain to the jury. There is no merit to this point.

By the testimony of an actuary, it was explained to the jury that if the decedent was born in 1857, he was

75 when he applied for the policy, and would not have had to pay any premiums for benefits because the policy provided paid-up insurance after the age of 74.

If the statements in the prior application are competent evidence they weigh heavily in defendant's favor since if the insured was 50 at the time of his application for the instant policy in 1931, as plaintiff. contends, he was 15 at the time of his marriage, the same age as that of his stepdaughter, the plaintiff, and 13 years younger than his wife. Plaintiff contends that such statements, unless made contemporaneously with and as a part of the instant transaction are mere hearsay and not admissible against nor binding upon the plaintiff now; that she has a vested interest in an insurance contract; and that the contract is between her and the defendant and that she is not in privity with insured. The general rule on this point is, that where the defense in an action on a contract of life insurance is based on alleged falsity of statements in the application, admissions or declarations of the insured, whether made before or after the policy was issued, are not admissible against a beneficiary, other than the estate of the insured, unless they were part of the *res gestae* or made at a time not too remote from the making of the contract of insurance and were of such a nature as to be of real probative force in determining the truth or falsity of such statements. 29 Am. Jur. p. 1106. This rule rests on the theory that no privity exists between an insured person and his beneficiary. Personal representatives of a decedent are excluded from the general rule stated. 86 A. L. R. 148. Plaintiff relies on *Yore v. Booth,* 110 Cal. 238, where the plaintiff, designated as beneficiary, was held to have a vested interest because the insured had no power to change beneficiary and, consequently, no prior admission of the insured could be admitted to diminish her interest. The basis of that decision was clarified in *McEwen v. New York Life Ins. Co.,* 23 Cal. App. 694,

where it was decided plaintiff had no vested interest because the insured reserved the right of revocation of beneficiary and the admissions were ruled competent. Illinois cases make the same distinction as the California cases referred to and hold that such admissions are competent where the insured retains the right to change beneficiary, and incompetent where the beneficiary's interest is absolute. *Brown v. Mystic Workers of the World*, 151 Ill. App. 517; *Libre v. Brotherhood of American Yeomen*, 168 Ill. App. 328. The *Yore* case, does not apply here because plaintiff is insured's personal representative, so as to come within the exception to the general rule, and she not only had no vested interest, but, *any* interest in the policy, depended upon the selective power of the defendant under the "facility of payment" clause. Under that clause the defendant had power to select the beneficiary from designated relations.

It is our opinion that the trial court properly admitted the prior application in the case at bar and that the statement of birth and age therein was highly credible evidence. A sick person may recover, and a prior remote statement of health pass from his mind, but a person's birthday does not change and while growing age may make somewhat hazy the exact date, this fact serves only to confirm the accuracy of the date of birth and age given at a much earlier time. *Libre v. Brotherhood of American Yeomen*, 168 Ill. App. 328.

Interrogatory 2, answered in the affirmative by the jury, is as follows:

"Do you find from the evidence that the Insured, Jan Habowski, was born in 1857?

Answer YES........Yes

........No.

"If your answer is 'no' then on what date do you find that the said Jan Habowski was born?

..............''

Plaintiff insists the interrogatory was not submitted to him as required by section 65, Civil Practice Act; was not single and direct and that its second part, assumed as true, an alleged evidentiary fact. The record shows the interrogatory was considered, discussed and objected to before argument and we believe section 65 was substantially complied with. We consider the interrogatory direct and plain, presented the essential issue of fact and made no erroneous assumption.

From a consideration of all the circumstances, we are of the opinion that the case was properly and fairly tried in all respects without error and that the verdict of the jury is sustained by the evidence and the judgment is hereby affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.